**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **CLEVELAND D. BOLER** | ) | **CHAPTER 13** |
| **EVELYN BOLER** | ) | |
|     **Debtor** | ) | |
| | ) | **CASE NO.**    06-30049 |
| | ) |     06-30072 |
| **IN RE:** | ) | |
| **RICKY BROWN SR.** | ) | |
| **VICKI BROWN** | ) | |

**BRIEF IN OPPOSITION TO
OBJECTION TO CONFIRMATION**

COMES NOW the Debtor, by and through attorney, and files this response to the

Trustee's Objection to Confirmation:

**JURISDICTION**

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and by general

order of the United States District Court for this district.  This is a core proceeding under 28

U.S.C. § 157(b)(2)(L) as it involves the confirmation of a Chapter 13 plan of repayment.

**BOLER FACTS**

Cleveland and Evelyn Boler filed Chapter 13 on January 18th, 2006 following

enactment of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("the 2005 Act").

At the time of filing, Mr. Boler owed  Baldwin County Department of Human Resources for

child support arrears pursuant to a Baldwin County Domestic support order and subsequent

Rule Nisi Petition (Exhibit A) which, under the new provisions of the 2005 Act, qualifies as a domestic support obligation.  Prior to filing, Mr. Boler had been paying the child support arrears by an income/wage withholding order.  The Bolers filed a Chapter 13 plan providing for payment in full of the child support arrears through the Chapter 13 plan following payment of administrative and secured claims.  The State of Alabama Department of Human Resources (DHR) subsequently filed a priority claim in the amount of $9,110.41.  See attached Exhibit B.  In addition, DHR filed an objection to confirmation of the Chapter 13 plan stating that 11 U.S.C. §507(a)(1)(a) required domestic support obligations to be paid before all other claims including administrative and secured claims.  The Bolers filed an amended plan offering to pay the child support arrears direct in an effort to resolve the pending DHR objection. The Debtors' intentions were to resume the DHR wage withholding order which was in place at the time of the filing of the bankruptcy.  DHR objected again on the same grounds.

## BROWN FACTS

Ricky and Vickie Brown filed Chapter 13 on January 25th, 2006 following enactment of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("the 2005 Act").  The Browns listed Dallas County Child Support as a creditor for child support arrears owed by Mr. Brown.  Mr. Brown was paying his child support by an income withholding order prior to the filing of the Chapter 13 plan . The Browns filed a Chapter 13 plan providing for payment in full of the child support arrears through the Chapter 13 plan following payment

of administrative and secured claims. DHR filed a priority proof of claim in the amount of $4,637.45 (see attached Exhibit C) and also filed an objection to confirmation of the Chapter 13 plan stating that 11 U.S.C. §507(a)(1)(a) required domestic support obligations to be paid before all other claims including administrative and secured claims.

## APPLICABLE LAW

### 1. Confirmation

If a Chapter 13 plan is to be confirmed, the plan must first contain those mandatory provisions set out in 11 U.S.C. §1322(a) and then satisfy those requirements found under 11 U.S.C. §1325. Furthermore, 11 U.S.C. §1326 directs how and when payments are to be made by the debtor to the Chapter 13 Trustee and how the trustee must pay out those payments.

Prior to the 2005 Act, in order to be confirmed, a Chapter 13 plan had to contain the following:

### § 1322. Contents of plan

(a) The plan shall—
(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan
(2) provide for the full payment, in deferred cash payments, of allclaims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and
(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

The 2005 Act added the following section to address domestic support obligations:

> (4) *notwithstanding any other provision of this section, a plan may provide for less than full payment of all amounts owed for a claim entitled to priority under section 507(a)(1)(B) only if the plan provides that all of the debtor's projected disposable income for a 5 year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.*

The provisions in §1322(a) are mandatory as opposed to those in §1322(b) which are more permissive in nature. The mandatory provisions have been kept to a minimum in order to facilitate flexible repayment plans for the debtor and to further the congressional goal of encouraging Chapter 13 repayment plans. 8-1322 Collier on Bankruptcy-15th Edition Rev. P 1322.01.

Section 1325 lists all requirements which must be met in order for a Chapter 13 plan to be confirmed. Confirmation is not discretionary once these criteria have been met, nor can the Court add requirements which are otherwise unstated if the plan otherwise meets all the §1326 requirements and there are no objections by creditors. In re Estus, 695 F.2d 311, 7 C.B.C.2d 948 (8th Cir. 1982) ; In re Alexander, 670 F.2d 885, 6 C.B.C.2d 771 (9th Cir. 1982) ; Petro v. Mishler, 276 F.3d 375 (7th Cir. 2002) (court could not invoke 11 U.S.C. § 105 to add requirement that debtors present periodic income statements to trustee).

## 2. Priority Claims

Section 507 sets out ten categories of claims that will be entitled to priority status. Among the recent changes in the bankruptcy code and most important to DHR's position, was an amendment to §507(a)(1) which moved domestic support obligations up to first

priority from seventh priority.  All domestic support obligations are now "first" priority with the highest priority given to those domestic support obligations owed to a spouse, former spouse, child of the debtor, or child's parent, legal guardian or responsible relative.  Those domestic support obligations which are assigned to a governmental unit (other than for purposes of collection) or owed directly to a governmental unit are second among the first priority debts.

Although §507 is applicable in its entirety in chapter 7, chapter 11, chapter 12 and chapter 13 cases, the application will vary depending upon which chapter of the Code a case was filed under.  Distribution of assets in a Chapter 7 proceeding is governed by §726(a)(1).  This section states in part that "property of the estate shall be distributed—"(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title...".  Despite the fact that §726(a)(1) specifically states that §507 claims should be paid first, there is no requirement in Chapter 7 that the claims be paid in full.  4-507 Collier on Bankruptcy-15th Edition Rev. P 507.02[2][5].

In Chapter 13 cases, a debtor's only requirement is to pay all priority claims in full pursuant to §1322((a)(2).

## APPLICATION OF LAW

DHR has filed an objection to the confirmation of the debtor's case stating that they filed a priority claim under §507(a)(1)(a) and that pursuant to §507(a)(1)(a), the plan is not a confirmable plan unless it proposes to pay this claim before administrative claims and

secured claims.

The Debtor states that the payment scheme set out in §507(a)(1)(a) is only applicable to cases filed under Chapter 7 with assets to be distributed according to its companion section §726. Section 726(a)(1) provides that property of the estate is first distributed in payment of timely filed claims of a kind specified in, and in the order specified in, section 507.

Since the implementation of the 2005 Act, there has been no case law interpreting the effect of the amended §507(a)(1). There is, however, sufficient case law to support the debtors' contention that there is no requirement in either §1322, §1325 or §1326 which states that any priority claims, except for fees and administrative expenses be paid in the order prescribed by §507. In In Re Ferguson 134 B.R. 689, (Bankr. S.D. Fla. 1991), the court held that unsecured priority tax claims could be paid in full during the life of a Chapter 13 plan in deferred cash payments although the deferred cash payments did not have to start at the inception of the plan. Furthermore, as long as full payment of the priority claims is provided for in the plan, nothing in §1322 requires that higher priority claims must be paid fully before paying lower priority claims. In re Aldridge, 335 B.R. 889; (Bankr. S.D. Ala. 2005 ); In re Cason, 190 B.R. at 933 (pre-2005 Act case which held that there is no provision of § 507(a)(1) which requires full payment of priority claims before payments can begin to other claimholders.)

Although it is clear that Congressional intent was to place higher importance on the payment of domestic support obligations in Chapter 7 asset cases, that was not the case with cases filed under Chapter 13. In fact, the only amendment to §1322 was one which placed

even less importance on domestic support arrears.  With the addition of §1322(a)(4) now a

Chapter 13 debtor can pay less than full payment of domestic support obligations as long as

the debtor commits all his disposable income for a five year period, a result which clearly

does not reinforce the position that §507(a) is applicable in the Chapter 13 arena.  It is clear

that if Congress had intended to force §1322 and §1326 into a §507/ §726 model it would

have done so by specifically amending §1322 and/or §1326 to include provisions specifically

requiring claims in Chapter 13 to be paid according to the §507 payment scheme.  It did not

do so.


### In Re Boler 06-30049

The Bolers have met all the legal requirements for confirmation of their Chapter 13

plan which are found in §1322(a).

First, they have proposed to pay all future earnings to the trustee for benefit of the

Chapter 13 plan as required by §1322(a)(1).  Next, they have proposed to pay the priority

claim of DHR in full by continuing the income withholding order in place at the time of the

Chapter 13 plan thus meeting the requirement of §1322(a)(2).[1]  Next they have agreed to pay

all classes of creditors in the same manner as required by §1322(a)(3). Finally, the Bolers'

plan does not attempt to pay less than the full amount of any domestic support obligation

claims (there is only one priority domestic support obligation and that is the claim of DHR)

---

[1]  It should be noted that originally the plan called for the full payment of the priority
DHR claim through the Chapter 13 plan, however, the plan was amended to pay the claim direct
in an effort to resolve the pending DHR objection to confirmation.

and therefore, by filing a 36 month Chapter 13 plan, they are complying with §1322(a)(4).

In addition, the debtors have met all requirements of §1325(a) in that the plan complies with all other applicable provisions of Chapter 13 not just those in §1322, all filing fees have been paid, the best interests test has been met, allowed secured creditors have accepted the plan[2] and the plan has been proposed in good faith.  In fact, the debtor, by requesting to reinstate the income withholding order from DHR,  is proposing to pay the DHR claim *before* even any administrative costs that would have to be paid pursuant to §1326(b)(1), therefore it could hardly be stated that the plan wasn't proposed in good faith. In this particular case, there would be no way for DHR to be paid sooner even if they prevail on their objection.  If they prevail on their objection, the claim would be paid after administrative costs, an effect counterintuitive to DHR's position.

### In Re Brown

The Browns have also met all the legal requirements for confirmation of their Chapter 13 plan which are found in §1322(a).

Like the Bolers, they have proposed to pay all future earnings to the trustee for benefit of the Chapter 13 plan as required by §1322(a)(1).  Next, they have proposed to pay the priority claim of DHR in full, however, in this case the debtors propose to pay the entire priority claim of DHR through the Chapter 13 Trustee thus meeting the requirement of

---

[2]  An objection to confirmation has been filed by Guardian Credit Union, however, the parties have agreed to a settlement and an amended plan will be filed memorializing the agreement.

§1322(a)(2). Next they have agreed to pay all classes of creditors in the same manner as required by §1322(a)(3). Finally, the Browns' plan does not attempt to pay less than the full amount of any domestic support obligation claims (there is only one priority domestic support obligation and that is the claim of DHR) and therefore, by filing a 48 month Chapter 13 plan, they are complying with §1322(a)(4).

In addition, the debtors have met all requirements of §1325(a) in that the plan complies with all other applicable provisions of Chapter 13 not just those in §1322, all filing fees have been paid, the best interests test has been met and the plan has been proposed in good faith.[3]

In both cases, the debtors have complied with §1322 and §1325's requirements for confirmation. There is no new requirement under §1322 nor §1325 to pay priority domestic support obligations before all other claims, therefore, the objection of DHR has no merit.

Wherefore, premises considered, the debtor requests the Court to overrule the Alabama Department of Human Resources Objection to Confirmation

Respectfully submitted this day: April 12, 2006.

/s/ Vonda S. McLeod
vmcleod@samvpc.com
RICHARD D. SHINBAUM (SHI007)
VONDA S. MCLEOD (MCL032)

Of Counsel:

---

[3] There are two pending objections to the confirmation of this plan, neither of which is based upon bad faith. The Trustee objected because the debtor has not provided to them the name, address and phone number of the domestic support obligee. That information has since been provided to the Trustee. Greentree has objected based upon the value of the debtor's mobile home. This objection has yet to be resolved.

Shinbaum, Abell, McLeod & Vann, P.C.
Post Office Box 201
Montgomery, AL 36101
(334) 269-4440

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above on all parties listed below by CMECF or by mailing a copy of same to them on this day: April 12, 2006.

Curtis C. Reding
Chapter 13 Trustee
Post Office Box 173
Montgomery, AL 36101

Richard G. Moxley, III
Attorney for Creditor Alabama DHR
556 South Perry
Montgomery, AL 36104

/s/ Vonda S. McLeod

State of Alabama
Unified Judicial System
C-34 Rev. 2/79

**ALIAS SUMMONS-CIVIL** COPY

02DR01000545.04

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

PLAINTIFF ANGELA J. BOLER vs DEFENDANT CLEVELAND D. BOLER, III

NOTICE TO CLEVELAND D BOLER,III, (AUTAUGA COUNTY) 2242 HIGHWAY 31 N, DEATSVILLE, AL 36022

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY, JOHN B. GAMBLE (GAM022), WHOSE ADDRESS IS CHILD SUPPORT DIVISION, 101 COURTHOUSE SQUARE, BAY MINETTE, AL   36507.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

X☐    TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon CLEVELAND D. BOLER, III

☐    This service by certified mail of this summons is initiated upon the written request of ANGELA J. BOLER pursuant to rule 4.1(c) of the Alabama Rules of Civil Procedure.

_____    By: _____

Clerk/Register

Circuit Clerk
312 Courthouse Square, Suite 10
Bay Minette, AL 36507

_12/19/06_____
Date

RETURN ON SERVICE:

☐    Certified Mail return receipt received in this office on (Date) _____ (Return receipt hereto attached).

☐    I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County, Alabama on (Date)_____.

_____
Date

_____
Server Signature

Address of
Server_____

_____

_____
Type of Process Server

COURT RECORD    ATTORNEY FOR THE    DEFENDANT
STATE OF ALABAMA

02-30625
0493221
102BLV35

IN THE DISTRICT/CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

STATE OF ALABAMA EX REL.           *     CASE NO. _DR 2001-545.0__
INTERVENOR
                                   *
ANGELA J. BOXER
_____,   *
         PLAINTIFF
                                   *
VS
                                   *
CLEVELAND D. BOLER, lll
_____,   *
         DEFENDANT                       DHR NO. ~~0493221~~

                                   *

_CIRCUIT COURT_
_BALDWIN COUNTY, AL_
_OCT 1 8 2005_
_JODY W. CAMPBELL_
_CIRCUIT CLERK_

## ORDER ON MOTION FOR RULE NISI
## CITATION FOR CONTEMPT

YOU ARE ORDERED TO APPEAR BEFORE THE ABOVE-NAMED COURT TO SHOW CAUSE WHY YOU SHOULD NOT BE FOUND IN CONTEMPT OF COURT FOR FAILURE TO PAY CHILD SUPPORT AS PREVIOUSLY ORDERED AND/OR FAILURE TO COMPLY WITH OTHER PROVISIONS OF THE COURT'S PRIOR ORDERS.

THE TIME AND PLACE FOR THE ABOVE CONTEMPT HEARING SHALL BE ON THE _23rd_ DAY OF _January_, 200_6_, AT _1:00 P.M._ AM/PM, BALDWIN COUNTY COURTHOUSE, COURTROOM #_6_, BAY MINETTE, ALABAMA. **THE STATE OF ALABAMA WILL REPRESENT CHILD SUPPORT MATTERS ONLY.**

THE DEFENDANT'S FAILURE TO APPEAR SHALL RESULT IN THE ISSUANCE OF AN ARREST WARRANT AND HIS/HER BEING INCARCERATED IN THE BALDWIN COUNTY JAIL UNTIL SUCH TIME AS HE/SHE SHALL PURGE HIM/HERSELF OF CONTEMPT.

DONE this the _19th_ day of _October_, 200_5_.

_____
CARMEN E. BOSCH, DISTRICT JUDGE

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA: YOU ARE ORDERED TO PERSONALLY SERVE THIS CITATION ON THE DEFENDANT.

### RETURN OF SERVICE

I certify that I personally delivered a copy to _____
on the _____ day of _____, _____.

| State of Alabama<br>Unified Judicial System<br>CS-6  Rev.  4/95 | **RULE NISI PETITION** | 02DR01000545.0 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

STATE OF ALABAMA,  ex rel.

Plaintiff  ANGELA J. BOLER                        vs. Defendant  CLEVELAND D. BOLER, III
Address  1515 PENSACOLA DRIVE              Address  2242 HIGHWAY 31 N
          LILLIAN, AL   36549                        DEATSVILLE, AL   36022

Comes now the State of Alabama, ex rel. Angela J. Boler and shows unto the Court as follows:

1.  On the <u>19th day of June, 2003,</u>the defendant, Cleveland D. Boler, Iii, was ordered to pay support in the amount of $375.00 per month current continuing support plus $125.00 per month on arrears, commencing on May 1, 2003 for the minor child(ren), named as  follows:

    Chase A. Boler                                    10-27-99
    Mikayla A. Boler                                  03-14-01

2.  Defendant is $ 6,001.23 in arrears as of the <u>18th day of October, 2005</u>in child support payments as Ordered by the Circuit Court of Baldwin County.

3.  On the <u>19th day of June, 2003</u> the defendant was ordered to pay support in the amount of $_____ per commencing on the _____ day of _____, _____ for the spouse/former spouse, Angela J. Boler.

4.  Defendant is $ _____ in arrears as of the <u>18th day of October, 2005</u> in spousal support payments as Ordered by the Circuit Court of Baldwin County.

5.  On the 19th day of June , 2003, the defendant was ordered by this court to provide medical support and/or reimbursement  as follows: _____.

6.  Unpaid medical support in the amount of $ _____ has accumulated and is due since the above-mentioned order.

    Interest has accumulated on the above-referenced arrearages in the amount of $ 2,067.95.

7.  _____

**WHEREFORE,** the premises considered, the plaintiff moves this Honorable Court as follows: (1) That a hearing be set and notice of the date, time and place of said hearing be served on the defendant, and that at said hearing defendant be required to show cause why he/she should not be held in contempt of court; (2) that the Court reduce the arrearages to a judgment with interest and order payments thereon; (3) that at said hearing the Court also enter an income withholding order; (4) that such other and further relief be granted as to which Plaintiff may be entitled and which the court may deem just.

<u>October 18, 2005</u>
Date                                        _____                     *CIRCUIT COURT*
Name & Address of Attorney       Plaintiff/Attorney for the State of Alabama     *BALDWIN COUNTY, AL*
JOHN B. GAMBLE (GAM022)                                                                           *FILED*
CHILD SUPPORT DIVISION
101 COURTHOUSE SQUARE                                                                         OCT 1 9 2005
BAY MINETTE, AL   36507              (251) 937-0253
                                                  Telephone Number of Attorney                JODY W. CAMPBELL
                                                                                                          CIRCUIT CLERK

10/13/05

# STATE OF ALABAMA
## CHILD SUPPORT ENFORCEMENT DIVISION
## COURT ORDER PAYMENT SUMMARY

NCP NAME: CLEVELAND D. BOLER, III
NCP ID: P0001534778

COURT ORDER NUMBER: 02DR01000545
DHR FILE NUMBER: 02-30625
CASE ID: 0493221

... NAME: ANGELA J. BOLER
... ID: P0001471390

**...PPORT TYPES AND TERMS**

| | CURRENT | ARREARS | BALANCES | INTEREST |
|---|---|---|---|---|
| ...HILD SUPPORT | $375.00 PER MONTH | $125.00 PER MONTH | $6,376.23 | STATE |
| ...TROACTIVE CHILD SUPPORT | | PER | | CP           $2,067.95 |
| ...EDICAL SUPPORT | PER | PER | | |
| ...EDICAL REIMBURSEMENT | | PER | | MEDICAID |
| ...OUSAL SUPPORT | PER | PER | | |
| ...ES | | PER | | |

...FECTIVE DATE:   May 1, 2003

...LANCES BY ACCOUNT TYPE:
    CP INT     2,067.95
    CS NA AR   6,001.23

...TAL AMOUNT DUE FOR THIS COURT ORDER: $8,444.18

| DATE | PAYMENT RECEIVED | | ACCOUNT | POSTED | | ACCOUNT | POSTED | | ACCOUNT | POSTED | | ACCOUNT POSTED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ORDER TOTAL | PAY CODE | AMOUNT | TYPE | | AMOUNT | TYPE | | AMOUNT | TYPE | | AMOUNT | TYPE |
| 7/28/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 7/13/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 5/29/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 5/15/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 5/28/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 5/12/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 4/28/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 4/13/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 3/30/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 3/14/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 2/28/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 2/12/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 1/29/2005 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 1/13/2005 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 2/16/2004 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 2/27/2004 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 1/27/2004 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |
| 1/12/2004 | 250.00 | IW | 250.00 | CS NA CU | | | | | | | | | |
| 0/27/2004 | 250.00 | IW | 100.00 | CS NA CU | | 150.00 | CS NA AR | | | | | | |

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED
OCT 1 9 2005
JODY W. CAMPBELL
CIRCUIT CLERK

- Application Fee
- Federal Joint Fee
Gift
- Other State Income Withholding
- State Joint

BC - Bankruptcy Court
FJ - Federal Joint Tax Offset
IF - IRS Full Collection
OT - Other State, State Offset Single
SS - State Single

BN - Bond
FM - Financial Management
IW - Income/Wage Withholding
RP - Regular Pay
TF - Trust Fund

CC - Court Cost Fee
FS - Federal Single
LI - Lien
SA - State Adjustment
UC - Unemployment Compensation

FA - Federal Adjustment
GA - Garnishments
MA - Military Allotment
SE - State Single Fee

FE - Federal Single Fee
GF - Genetic Fee
OJ - Other State, State Offset Joint
SF - State Joint Fee

| State of Alabama | **MOTION TO INTERVENE** **NOTICE OF APPEARANCE** **ORDER TO REDIRECT PAYMENTS** **TRANSFER CASE TO REFEREE** | DR-2001-545.05 |
|---|---|---|

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

STATE OF ALABAMA, ex rel.

Plaintiff ANGELA J. BOXER          vs. Defendant    CLEVELAND D. BOLER, 111

Comes now the State of Alabama and moves this Honorable Court to Order the defendant in this cause to make all child support payments payable to ALABAMA CHILD SUPPORT PAYMENT CENTER, P. O. Box 244015, Montgomery, AL 36124-4015, for transmittal to the State Department of Human Resources and to the plaintiff where applicable, and would show as grounds the following:

1.  The plaintiff in this cause has assigned all support rights to the State of Alabama, Department of Human Resources, under Title IV-D of the Social Security Act, as amended.

2.  Section 38-10-8, Code of Alabama 1975, requires all support payments made in Title IV-D cases with such assignment of rights be made to the State Department of Human Resources, Montgomery, Alabama.

3.  The Child Support Referee has the authority to hear cases that pertain to child support matters only.

   **WHEREFORE,** the premises considered, the State of Alabama moves this Honorable Court to allow the State of Alabama to intervene and Order child support payments payable to the agency designated above, and transfer the case to the Child Support Referee.

JOHN B. GAMBLE, ASSISTANT DA

# ORDER ALLOWING INTERVENTION, CHANGE RECIPIENT OF PAYMENTS AND TRANSFER CASE TO THE CHILD SUPPORT REFEREE

   The foregoing Motion being duly considered, it is hereby ☑ Granted ☐ Denied. The current child support payments shall be paid to ALABAMA CHILD SUPPORT PAYMENT CENTER, P. O. Box 244015, Montgomery, AL 36124-4015. The Clerk of Court shall furnish copies to the Defendant and to the Child Support Division of the District Attorney's Office. The case is transferred to the Child Support Referee to hear child support matters only.

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

**DONE** this the 19th day of October, 2005.

CARMEN E. BOSCH, DISTRICT JUDGE

OCT 19 2005

JODY W. CAMPBELL
CIRCUIT CLERK

| State of Alabama Unified Judicial System | *Appendix to Rule 32.1* **CHILD SUPPORT INFORMATION SHEET** | Case Number |
|---|---|---|
| Form CS-47    Rev. 7/98 | | 02DR01000545, 04 |

IN THE  CIRCUIT                           COURT OF  BALDWIN                           COUNTY, ALABAMA

ANGELA J. BOLER                                    v.  CLEVELAND D. BOLER, III
Plaintiff                                                          Defendant

INFORMATION CONCERNING THE PARTIES:          ☐ Not Applicable.  No minor child(ren)  a party to or subject to this action.

PLAINTIFF (MOTHER, FATHER, OTHER ( _____ ) OR          DEFENDANT (MOTHER, FATHER, OTHER ( _____ ) OR
OTHER PARTY (SPECIFY) ( _____ )                        OTHER PARTY (SPECIFY) ( _____ )

ADDRESS (INCLUDING CITY, STATE, AND ZIP CODE):          ADDRESS (INCLUDING CITY, STATE, AND ZIP CODE):
1515 PENSACOLA DRIVE                                    2242 HIGHWAY 31 N

LILLIAN, AL  36549                                      DEATSVILLE, AL  36022

TELEPHONE NO: HOME:    251    961-1021                   TELEPHONE NO: HOME:

SSN:  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          DOB:  03/09/1971              SSN:  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          DOB:  02/11/1975

RACE:  WH                 SEX:  FEMALE                   RACE:  WH                  SEX:  MALE

PLACE OF EMPLOYMENT AND ADDRESS (INCLUDING CITY, STATE,          PLACE OF EMPLOYMENT AND ADDRESS (INCLUDING CITY,
AND ZIPCODE)  (IF APPLICABLE):                                   STATE, AND ZIPCODE)  (IF APPLICABLE):
UNKNOWN                                                          UNKNOWN

WORK TELEPHONE NO:                                       WORK TELEPHONE NO:

INFORMATION CONCERNING THE CHILD(REN):

| NAME(S) | ADDRESS(ES) | DATE(S) OF BIRTH | SEX | SSN |
|---|---|---|---|---|
| CHASE A. BOLER | SAME AS CP'S ADDRESS | 10/27/1999 | MALE | 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 |
| MIKAYLA A. BOLER | SAME AS CP'S ADDRESS | 03/14/2001 | FEMALE | 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 |

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

OCT 1 9 2005

THE CHILD SUPPORT REFORM ACT OF 1997 CODIFIED AT § 30-3-190, ET SEG, ALA CODE 1975 REQUIRES THAT THE COURT MAINTAIN THE ABOVE
INFORMATION IN THE RECORD FOR ALL PARTIES IN DOMESTIC RELATIONS, SUPPORT, OR PATERNITY ACTIONS. THIS INCLUDES
GRANDPARENTS OR OTHERS WHO MAY EITHER INITIATE AN ACTION OR INTERVENE IN AN EXISTING ACTION.

Completed By:    BRENDA D. LYBARGER                      Date Completed:  October 13, 2005
                        (Print Name)
                                                         Daytime Phone No:  (251)  580-2884

02-30625
P0001534778
102BLV35

| UNITED STATES BANKRUPTCY COURT <#1 DI C40> | | PROOF OF CLAIM |
|---|---|---|

Case 2:06-cv-00472-WKW    Document 2-11    Filed 05/25/2006    Page 1 of 2

| Name of Debtor<br><#85 DL c70><br><#101 JL c70> | Case Number<br><#3 cn c11> |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>RecipAddr1 replacement<br><br>Name and Address where notices should be sent:<br><br>RecipAddr1 replacement<br>RecipAddr2 replacement<br>RecipAddr3 replacement<br>RecipAddr4 replacement<br>RecipAddr5 replacement<br>RecipAddr6 replacement<br><br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | <#3 cn c11><br><br>123456<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Last four digits of account or other number by which creditor identifies debtor: | Check here if   ☐ replaces<br>this claim       ☐ amends        a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**

| ☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SS your #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>      (date)                    (date) |
|---|---|

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

| **Unsecured Nonpriority Claim   $_____**<br>☐        Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.<br><br>**Unsecured Priority Claim**<br><br>☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority<br><br>Amount entitled to priority $_____<br><br>Specify the priority of the claim:<br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5). | **Secured Claim**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____<br><br>Value of Collateral:   $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____<br><br>☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
|---|---|

| **5. Total Amount of Claim at Time Case Filed:**        $_____    _____    _____    _____ |
|---|
| (unsecured)        (secured)        (priority)        (Total) |
| ☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. |

| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**8. Date-Stamped Copy:**        To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**STATE OF ALABAMA**
**CHILD SUPPORT ENFORCEMENT DIVISION**
**COURT ORDER PAYMENT SUMMARY**

02/24/06

CP NAME: ANGELA J. BOLER
CP ID:   P0001471390

NCP NAME: CLEVELAND D. BOLER, III
NCP ID:   P0001534778

COURT ORDER NUMBER: 02DR01000545
DHR FILE NUMBER:    02-30625
CASE ID:            0493221

| SUPPORT TYPES AND TERMS | CURRENT | | ARREARS | BALANCES | INTEREST | |
|---|---|---|---|---|---|---|
| CHILD SUPPORT | $375.00 | PER MONTH | PER | $6,783.92 | STATE | |
| RETROACTIVE CHILD SUPPORT | | | PER | | | |
| MEDICAL SUPPORT | | PER | PER | | CP | $2,326.49 |
| MEDICAL REIMBURSEMENT | | | PER | | | |
| SPOUSAL SUPPORT | | PER | PER | | MEDICAID | |
| FEES | | | PER | | | |

EFFECTIVE DATE:   May 1, 2003

BALANCES BY ACCOUNT TYPE:
CP INT     2,326.49
CS NA AR   6,783.92

**TOTAL AMOUNT DUE FOR THIS COURT ORDER: $9,110.41**

| | PAYMENT RECEIVED | | PAY | ACCOUNT | POSTED | ACCOUNT | POSTED | ACCOUNT | POSTED | ACCOUNT | POSTED |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DATE | TOTAL | ORDER | CODE | AMOUNT | TYPE | AMOUNT | TYPE | AMOUNT | TYPE | AMOUNT | TYPE |
| 02/17/2006 | 230.77 | 230.77 | IW | 144.23 | CS NA CU | 86.54 | CS NA AR | | | | |
| 02/03/2006 | 230.77 | 230.77 | IW | 230.77 | CS NA CU | | | | | | |
| 01/20/2006 | 230.77 | 230.77 | IW | 175.00 | CS NA CU | 55.77 | CS NA AR | | | | |
| 01/13/2006 | 200.00 | 200.00 | RP | 200.00 | CS NA CU | | | | | | |
| 12/16/2005 | 100.00 | 100.00 | RP | 100.00 | CS NA CU | | | | | | |
| 10/18/2005 | 100.00 | 100.00 | RP | 100.00 | CS NA CU | | | | | | |

AF - Application Fee
FF - Federal Joint Fee
GI - Gift
OS - Other State Income Withholding
SJ - State Joint

BC - Bankruptcy Court
FJ - Federal Joint Tax Offset
IF - IRS Full Collection
OT - Other State, State Offset Single
SS - State Single

BN - Bond
FM - Financial Management
IW - Income/Wage Withholding
RP - Regular Pay
TF - Trust Fund

CC - Court Cost Fee
FS - Federal Single
LI - Lien
SA - State Adjustment
UC - Unemployment Compensation

FA - Federal Adjustment
GA - Garnishments
MA - Military Allotment
SE - State Single Fee

FE - Federal Single Fee
GF - Genetic Fee
OJ - Other State, State Offset Joint
SF - State Joint Fee

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

Case 2:06-cv-02472-WKW    Document 2-11    Filed 05/25/2006    Page 19 of 21
<#1 DI C40>

| Name of Debtor<br><#85 DL c70><br><#101 JL c70> | Case Number<br><#3 cn c11> |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>RecipAddr1 replacement | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and Address where notices should be sent:<br><br>RecipAddr1 replacement<br>RecipAddr2 replacement<br>RecipAddr3 replacement<br>RecipAddr4 replacement<br>RecipAddr5 replacement<br>RecipAddr6 replacement<br><br>Telephone Number: | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | <#3 cn c11><br><br>123456<br><br>THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | Check here if ☐ replaces<br>this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**

| | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of SS your #: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date) (date) |

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim  $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority

Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $ 2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed:  $_____  _____  _____  _____ |
|---|
| (unsecured)   (secured)   (priority)   (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**7. Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**8. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**STATE OF ALABAMA**
**CHILD SUPPORT ENFORCEMENT DIVISION**
**COURT ORDER PAYMENT SUMMARY**

02/28/06

CP NAME:  MICHELLE L. MOSBY-LAZENBY
CP ID:    P0000532043

NCP NAME:  RICKY A. BROWN
NCP ID:    P0000532044

COURT ORDER NUMBER:  24CS93000006
DHR FILE NUMBER:     24-048638
CASE ID:             0168408

| SUPPORT TYPES AND TERMS | CURRENT | | ARREARS | | BALANCES | INTEREST | |
|---|---|---|---|---|---|---|---|
| CHILD SUPPORT | $156.00 | PER MONTH | $50.00 | PER MONTH | $3,695.14 | STATE | |
| RETROACTIVE CHILD SUPPORT | | | | PER | | | |
| MEDICAL SUPPORT | | PER | | PER | | CP | $942.31 |
| MEDICAL REIMBURSEMENT | | | | PER | | | |
| SPOUSAL SUPPORT | | PER | | PER | | MEDICAID | |
| FEES | | | | PER | | | |

EFFECTIVE DATE:   July 1, 1994

BALANCES BY ACCOUNT TYPE:
  CP INTIR      942.31
  CS NA AR    3,695.14

**TOTAL AMOUNT DUE FOR THIS COURT ORDER: $4,637.45**

| DATE | PAYMENT RECEIVED TOTAL | ORDER | PAY CODE | ACCOUNT AMOUNT | POSTED TYPE | ACCOUNT AMOUNT | POSTED TYPE | ACCOUNT AMOUNT | POSTED TYPE | ACCOUNT AMOUNT | POSTED TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/21/2006 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 02/21/2006 | 103.00 | 51.32 | IW | 1.32 | CS NA CU | 50.00 | CS NA AR | | | | |
| 02/07/2006 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 02/07/2006 | 103.00 | 44.88 | IW | 44.88 | CS NA CU | | | | | | |
| 01/19/2006 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 01/19/2006 | 103.00 | 51.32 | IW | 1.32 | CS NA CU | 50.00 | CS NA AR | | | | |
| 01/04/2006 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 01/04/2006 | 103.00 | 44.88 | IW | 44.88 | CS NA CU | | | | | | |
| 12/21/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 12/21/2005 | 103.00 | 51.32 | IW | 1.32 | CS NA CU | 50.00 | CS NA AR | | | | |
| 12/06/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 12/06/2005 | 103.00 | 44.88 | IW | 44.88 | CS NA CU | | | | | | |
| 11/22/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 11/22/2005 | 103.00 | 51.32 | IW | 1.32 | CS NA CU | 50.00 | CS NA AR | | | | |
| 11/08/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 11/08/2005 | 103.00 | 44.88 | IW | 44.88 | CS NA CU | | | | | | |
| 10/20/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 10/20/2005 | 103.00 | 51.32 | IW | 1.32 | CS NA CU | 50.00 | CS NA AR | | | | |
| 10/06/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 10/06/2005 | 103.00 | 44.88 | IW | 44.88 | CS NA CU | | | | | | |
| 09/21/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |

AF - Application Fee
FF - Federal Joint Fee
GI - Gift
OS - Other State Income Withholding
SJ - State Joint

BC - Bankruptcy Court
FJ - Federal Joint Tax Offset
IF - IRS Full Collection
OT - Other State, State Offset Single
SS - State Single

BN - Bond
FM - Financial Management
IW - Income/Wage Withholding
RP - Regular Pay
TF - Trust Fund

CC - Court Cost Fee
FS - Federal Single
LI - Lien
SA - State Adjustment
UC - Unemployment Compensation

FA - Federal Adjustment
GA - Garnishments
MA - Military Allotment
SE - State Single Fee

FE - Federal Single Fee
GF - Generic Fee
OJ - Other State, State Offset Joint
SF - State Joint Fee

**STATE OF ALABAMA**
**CHILD SUPPORT ENFORCEMENT DIVISION**
**COURT ORDER PAYMENT SUMMARY**

February 28, 2006    Page:

2

CP NAME: MICHELLE L. MOSBY-LAZENBY         NCP NAME: RICKY A. BROWN         COURT ORDER NUMBER: 24CS93000006
CP ID : P0000532043                        NCP ID : P0000532044            DHR FILE NUMBER  : 24-048638

| DATE | PAYMENT RECEIVED TOTAL | ORDER | PAY CODE | ACCOUNT AMOUNT | POSTED TYPE | ACCOUNT AMOUNT | POSTED TYPE | ACCOUNT AMOUNT | POSTED TYPE | ACCOUNT AMOUNT | POSTED TYPE |
|------|-------|-------|------|--------|------|--------|------|--------|------|--------|------|
| 09/21/2005 | 103.00 | 51.32 | IW | 1.32 | CS NA CU | 50.00 | CS NA AR | | | | |
| 09/07/2005 | 125.98 | 54.90 | IW | 54.90 | CS NA CU | | | | | | |
| 09/07/2005 | 103.00 | 44.88 | IW | 44.88 | CS NA CU | | | | | | |

AF - Application Fee
FF - Federal Joint Fee
GI - Gift
OS - Other State Income Withholding
SJ - State Joint

BC - Bankruptcy Court
FJ - Federal Joint Tax Offset
IF - IRS Full Collection
OT - Other State, State Offset Single
SS - State Single

BN - Bond
FM - Financial Management
IW - Income/Wage Withholding
RP - Regular Pay
TF - Trust Fund

CC - Court Cost Fee
FS - Federal Single
LI - Lien
SA - State Adjustment
UC - Unemployment Compensation

FA - Federal Adjustment
GA - Garnishments
MA - Military Allotment
SE - State Single Fee

FE - Federal Single Fee
GF - Genetic Fee
OJ - Other State, State Offset Joint
SF - State Joint Fee