UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

APPEAL NOS.:    2:06-CV472-WKW and
2:06-CV473-WKW

STATE OF ALABAMA,
DEPARTMENT OF HUMAN                CHAPTER 13 CASE NOS.:
RESOURCES,                         06-30049-DHW AND 06-30072-DHW

      Appellant,

v.

RICKY BROWN, SR. and VICKI BROWN, CLEVELAND D. BOLER, III and
EVELYN D. BOLER, and CURTIS C. REDING, STANDING CHAPTER 13
TRUSTEE,

      Appellees.

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
_____

**BRIEF OF APPELLEE, CURTIS C. REDING, JR.,
STANDING CHAPTER 13 TRUSTEE**

Sabrina L. McKinney (MCK041)
ASB-3162-I71S
Staff Attorney for the
Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL  36101-0173
Ph:  (334) 262-8371
Fax:  (334) 834-7635
Email:  mckinneys@ch13mdal.com

State of Alabama, Department of Human Resources v. Ricky Brown, Sr. and Vicki Brown, Cleveland D. Boler, III and Evelyn D. Boler, and Curtis C. Reding, Standing Chapter 13 Trustee, Case No. 02:06-CV472-WKW and 02:06-CV473-WKW

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Appellee, Curtis C. Reding, Standing Chapter 13 Trustee for the Middle District of Alabama, by and through the undersigned counsel, and pursuant to 11th Circuit Rule 26.1-1, hereby certifies that the following persons and entities have or may have an interest in the outcome of this case:

1.    Ricky Brown, Sr. and Vicki Brown, Debtors/Appellees

2.    Cleveland D. Boler, III, and Evelyn D. Boler, Debtors/Appellees

3.    Richard Shinbaum, Counsel for Debtors/Appellees

4.    Curtis C. Reding, Standing Chapter 13 Trustee/Appellee

5.    Sabrina L. McKinney, Counsel for the Trustee/Appellee

6.    Page B. Walley, State of Alabama, Commissioner of Department of Human Resources/Appellant

7.    Jennifer Bush, State of Alabama, State Legal Counsel for Department of Human Resources/Appellant

8.   Richard G. Moxley, III, and Karen L. Materna, Bankruptcy Legal Counsel for State of Alabama, Department of Human Resources/Appellant

## STATEMENT REGARDING ORAL ARGUMENT

The Appellee contends that oral argument is not necessary in this case and that oral argument would offer no additional assistance to the Court in the final determination of this appeal.  No oral argument is requested by the Appellee.

## <u>CERTIFICATE OF TYPE SIZE AND STYLE</u>

Appellee's Brief is typed in 14 point Times New Roman and not proportionately spaced.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND
     CORPORATE DISCLOSURE STATEMENT ......................................... i

STATEMENT REGARDING ORAL ARGUMENT ....................................... iii

CERTIFICATE OF TYPE SIZE AND STYLE ................................................. iv

TABLE OF CONTENTS ................................................................................... v

TABLE OF AUTHORITIES ........................................................................... vii

STATEMENT OF THE ISSUES ON APPEAL ............................................... ix

     I.     Whether under the Bankruptcy Abuse and Consumer Protection Act of 2005 the debtors' plan must provide for payment in full of a domestic support obligation pursuant to 11 U.S.C. §507(a)(1)(A) before any distribution can be made on other §507 priority claims, including administrative expense claims and attorney's fees.

     II.     Whether the debtors' chapter 13 plan must limit distribution to secured creditors during the time the domestic support obligation claim is being paid.

     III.     Whether priority domestic support obligation claims can be paid "outside" the debtors' Chapter 13 plan without the consent of the holder of the claim.

STATEMENT REGARDING JURISDICTION ................................................. x

STANDARD OF APPELLATE REVIEW ........................................................ xi

STATEMENT OF THE CASE .......................................................................... 1

     Nature of the Case

     Course of the Proceedings and Disposition in the Court Below

STATEMENT OF THE FACTS ............................................................... 3

SUMMARY OF THE ARGUMENT ..................................................... 7

ARGUMENT ........................................................................................ 8

CONCLUSION ...................................................................................... 15

CERTIFICATE OF COMPLIANCE ................................................... 16

CERTIFICATE OF SERVICE ............................................................. 17

# <u>TABLE OF AUTHORITIES</u>

<u>Table of Cases:</u>

<u>In Re Aldridge</u>, 335 BR 889 (Bkrtcy. S.D. AL 2005) ..................................... 11

<u>In Re Armstrong</u>, 320 BR 523(D. Delaware 2005) ........................................... xi

<u>In Re Club Associates</u>, 951 F.2d 1223, 1228-29 (11th Cir. 1992) .................... xi

<u>In Re DeSardi</u>, 340 BR 790 (Bankr. S.D. TX 2006) ........................................ 12

<u>In Re Gulfstar Industries, Inc.</u>, 236 BR 75 (M. D. FL 1999) ......................... xi

<u>In Re New Power Company</u>, 438 F.3d 1113 (11th Cir. 2006) ......................... xi

<u>In re Raymond Vinnie</u>, Ch. 13 no. 06-80058-WRS (June 23, 2006) ... 10, 12, 13

<u>In Re Sanders</u>, 341 B.R. 47(Bkrtcy N.D. AL 2006).............................. 9, 10, 11

<u>In Re Simmons</u>, 200 F.3d 738 (11th Cir. 2000)................................................. xi

<u>In Re Sublett</u>, 895 F.2d 1381, 1383 (11th Cir. 1990) ........................................ xi

<u>In Re Taunton</u>, 306 BR 1 (M.D. AL 2004) ..................................................... xii

<u>In Re Williams</u>, 216 F. 3d 1295 (11th Cir. 2000).............................................. xi

<u>Table of Other Authority:</u>

11 U.S.C. §507 ....................................................... 8, 9, 10, 11, 12, 14

11 U.S.C. §726 ....................................................................................... 10

11 U.S.C. §1322 ............................................... 8, 9, 10, 11, 12, 13, 14

11 U.S.C. §1326 .................................................................................. 12, 14

28 U.S.C. §158 ...................................................................................... x

Bankruptcy Abuse Prevention and Consumer Protection Act, 2005....... ix, 8, 11

Black's Law Dictionary 265 (8th Ed. 2004)...................................................... 12

Fed.R.Bank.P. 7052 ........................................................................................ xi

Fed.R.Bank.P. 8013 ........................................................................................ xi

## STATEMENT OF THE ISSUES ON APPEAL

I.      Whether under the Bankruptcy Abuse and Consumer Protection Act of 2005 the debtors' plan must provide for payment in full of a domestic support obligation pursuant to 11 U.S.C. §507(a)(1)(A) before any distribution can be made on other §507 priority claims, including administrative expense claims and attorney's fees.

II.     Whether the debtors' chapter 13 plan must limit distribution to secured creditors during the time the domestic support obligation claim is being paid.

III.    Whether priority domestic support obligation claims can be paid "outside" the debtors' Chapter 13 plan without the consent of the holder of the claim.

## STATEMENT REGARDING JURISDICTION

This is an appeal arising from a decision of the United States Bankruptcy Court, Middle District of Alabama, which is within the jurisdiction of the United States District Court for the Middle District of Alabama.  Jurisdiction of this Court is conferred by 28 U.S.C. §158, granting jurisdiction to the District Court over appeals from final judgments, orders, and decrees from the Bankruptcy Court.

The Bankruptcy Court's Order overruling the Department of Human Resources' objection to confirmation of the debtors' plan in the Brown case disposed of all issues pending with regard to the confirmation of the debtors' plan and is a final decision within the contemplation of 28 U.S.C. §158.  However, the Bankruptcy Court's Order overruling DHR's objection to confirmation of the debtors' plan in the Boler case is not a final order within the contemplation of 28 U.S.C §158.  The Bankruptcy Court's order in the Boler case reset the confirmation hearing for additional findings on the issue of whether the direct payment of DHR's claim will pay the claim in full during the life of the plan.  The notice of appeal was filed by DHR prior to the Court's continued hearing on the factual issues and therefore may not be completely ripe for final determination on appeal.

## <u>STANDARD OF APPELLATE REVIEW</u>

The United States District Court functions as an appellate Court in reviewing the Bankruptcy Court's decisions.  <u>In Re Sublett</u>, 895 F.2d 1381, 1383 (11th Cir. 1990).  The Bankruptcy Court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses."  Fed.R.Bank.P. 8013 and Fed.R.Bank.P. 7052.

In contrast to the deference given to factual findings, the United States District Court examines the Bankruptcy Court's legal conclusions *de novo*.  <u>In Re Club Associates</u>, 951 F.2d 1223, 1228-29 (11th Cir. 1992).  Court of Appeals, including District Courts in a bankruptcy appeal, review determinations of law by the Bankruptcy Courts, *de novo*, and review the Bankruptcy Court's factual findings under clearly erroneous standard.  <u>In Re New Power Company</u>, 438 F.3d 1113 (11th Cir. 2006); <u>In Re Simmons</u>, 200 F.3d 738 (11th Cir. 2000); <u>In Re Williams</u>, 216 F.3d 1295 (11th Cir. 2000).

Confirmation of a debtor's Chapter 13 plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(l).  Core matters are reviewed by Courts on appeal with findings of fact to be reviewed for clear error and conclusions of law to be reviewed *de novo*.  <u>In Re Armstrong</u>, 320 BR 523(D. Delaware 2005).  <u>In Re Gulfstar Industries, Inc.</u>, 236 BR 75 (M. D. FL 1999).  However, in the Boler case,

the Bankruptcy Court reset the confirmation hearing for additional findings on the issue of whether the direct payment of DHR's claim will pay the claim in full during the life of the plan.  The record is not complete on this factual issue.  The District Court lacks authority to make independent findings of fact on an appeal from the Bankruptcy Court and must remand the case for factual determinations if the Order appealed from is silent or ambiguous as to factual issues which are required for a final determination of the case.  In re Taunton, 306 BR 1 (M.D. AL 2004).  The notice of appeal was filed by DHR prior to the Court's continued hearing on the factual issues and therefore may not be completely ripe for full and final determination on appeal.

## STATEMENT OF THE CASE

### Nature of the Case

This is an appeal from the United States Bankruptcy Court wherein the State of Alabama Department of Human Resources has appealed the Court's Order overruling their objection to the confirmation of the debtors' Chapter 13 plan.

### Course of Proceedings and Disposition in the Court Below

The Debtors/Appellees, Cleveland D. Boler, III and Evelyn D. Boler, filed for relief pursuant to Chapter 13, Title 11 on January 18, 2006. (R-1 06-30049). The Debtors' bankruptcy case was filed with the United States Bankruptcy Court for the Middle District of Alabama.

The Debtors/Appellees, Ricky Brown, Sr. and Vicki Brown, filed for relief pursuant to Chapter 13, Title 11 on January 25, 2006.  (R-1 06-30072).  The Debtors' bankruptcy case was filed with the United States Bankruptcy Court for the Middle District of Alabama.

In the Boler case, the State of Alabama Department of Human Resources filed an objection to confirmation of the debtors' Chapter 13 plan on February 24, 2006.  (R-23 06-30049).

In the Brown case, the State of Alabama Department of Human Resources filed an objection to confirmation of the debtors Chapter 13 plan on February 28, 2006.  (R-22 06-30072).

Confirmation hearings were held in both cases on April 3, 2006. (R-18 06-30049, R-18 06-30072).  After the hearing on the confirmation and submission of briefs to the Court for review, the United States Bankruptcy Court for the Middle District of Alabama issued a combined memorandum opinion in both cases overruling the State of Alabama Department of Human Resources' objection to confirmation. (R-41 06-30049, R-35 06-30072).  The confirmation hearings in both cases were reset for May 22, 2006 on the issue of whether the direct payments proposed by the Bolers to DHR would pay the claim in full during the term of the debtors chapter 13 plan.  (R-41and 42 06-30049, R-35 and 36 06-30072).   No Order confirming the chapter 13 plans has been entered by the Court in either case.

On May 5, 2006, Department of Human Resources filed a notice of appeal from the court's memorandum opinion overruling their objections to confirmation in both cases.  (R-46 06-30049, R-40 06-30072).

## STATEMENT OF THE FACTS

The facts in these cases are not in dispute.  However, in order for a final determination as to all issues in the Boler case, there are additional facts which must be determined before the final resolution of the issue of whether priority domestic support obligation claims can be paid "outside" the debtors' Chapter 13 plan without the consent of the holder of the claim.

On January 18, 2006, the debtors Cleveland D. Boler, III and Evelyn D. Boler, (hereinafter refereed to as "the Bolers"), filed for relief Pursuant to Chapter 13, Title 11.  (R-1 06-30049).  On that same date, the debtors proposed a Chapter 13 plan for confirmation that listed Baldwin County DHR with a priority claim of $8042.00.  (R-2 06-30049).  The debtors' plan proposes to pay that priority claim with a specified monthly payment of $143.61 through the Chapter 13 plan payments to the Trustee.

On February 24, 2006, State of Alabama Department of Human Resources (hereinafter referred to as DHR) filed an objection to confirmation. (R-23 06-30049).  DHR's objection was that the debtors' plan would pay administrative claims and secured claims either before or simultaneously with the DHR priority child support claim.

On March 7, 2006, the debtors filed a response to DHR's objection to confirmation.  (R-24 06-30049).

On March 8, 2006, the debtor filed a pre-confirmation amendment to their Chapter 13 plan proposing to change the treatment of Baldwin County DHR from being paid through the plan to being paid directly to that creditor.  (R-25 06-30049).  On March 14, 2006, DHR amended their objection to confirmation to include an objection to the confirmation of the debtors' amended plan proposing to pay DHR direct.  (R-30 06-30049).

The confirmation hearing was held on April 3, 2006.  (R-18 06-30049). Following the confirmation hearing, the Court issued a submission order requiring that the parties file briefs. (R-31 06-30049).

Briefs were filed the debtors on April 12, 2006 and by DHR on April 13, 2006.  (R-34, 35, 38 06-30049).

On April 28, 2006, the Court issued its Memorandum Opinion overruling DHR's objection to confirmation and reset the confirmation hearing for May 22, 2006 to determine whether the direct payments proposed by the debtors to DHR will pay the claim in full during the term of the chapter 13 plan.  (R-41 06-30049). On May 5, 2006, DHR filed their notice of appeal from the Court's memorandum opinion overruling their objection to confirmation.  (R-46 06-30049).  As the appeal was taken by DHR prior to the reset confirmation hearing on May 22, 2006, there has been no further proceedings or orders by the Bankruptcy Court on the issue of whether the direct payments proposed by the Boler debtors will pay the

claim in full during the term of their chapter 13 plan. No order confirming this chapter 13 plan has been entered by the Bankruptcy Court.

On January 25, 2006, the debtors Ricky Brown, Sr. and Vicki Brown filed for relief Pursuant to Chapter 13, Title 11. (R-1 06-30072). On that same date, the debtors purposed a Chapter 13 plan for confirmation that listed Dallas County Child Support Unit with a priority claim of $4000.00. (R-2 06-30072). The debtors' plan proposes to pay that priority claim with a specified monthly payment of $110.00.

On February 28, 2006, State of Alabama Department of Human Resources (hereinafter referred to as DHR) filed an objection to confirmation. (R-22 06-30072). DHR's objection was that the debtors' plan would pay administrative claims and secured claims either before or simultaneously with the DHR priority child support claim.

The confirmation hearing was held on April 3, 2006. (R-18 06-30072). Following the confirmation hearing, the Court issued a submission order requiring that the parties file briefs. (R-28 06-30072).

Briefs were filed the debtors on April 12, 2006 and by DHR on April 13, 2006. (R-31, 32 06-30072).

The debtors filed a supplemental brief in opposition to objection to confirmation on April 21, 2006. (R-33 06-30072).

On April 28, 2006, the Court issued its Memorandum Opinion overruling DHR's objection to confirmation and reset the confirmation hearing in both cases for May 22, 2006.  (R-35 06-30072).

On May 5, 2006, DHR filed their notice of appeal from the Court's memorandum opinion overruling their objection to confirmation. (R-40 06-30072).

Although the Bankruptcy Court has not issued an order confirming the chapter 13 plan in the Brown case, the Court's memorandum opinion and order resolved all factual and legal issues in the Brown case making it ripe for final determination on appeal.

With the exception of the "direct pay" issue, issues in both of the above cases are identical and for the purposes of judicial clarity, the Trustee is consolidating its response to both of these appeals and is filing an identical brief in both pending appeals for this Honorable Court's consideration.

## <u>SUMMARY OF THE ARGUMENT</u>

The United States Bankruptcy Court did not err in overruling the Department of Human Resources objection to confirmation of the debtors' Chapter 13 plan.   The Bankruptcy Court's memorandum opinion overruling DHR's objection to confirmation in both cases is due to be affirmed on all legal issues, but the Boler case is due to be remanded back to the Bankruptcy Court for a final factual determination on whether the debtors' proposed direct payment of DHR's claim will pay the claim in full during the term of the Chapter 13 plan.

## ARGUMENT

The Alabama Department of Human Resources (hereinafter referred to as DHR) states that prior to 1994, and implies that prior to the implementation of the Bankruptcy Abuse and Consumer Protection Act of 2005 (hereinafter referred to as BAPCPA), child support claims were treated at "general unsecured claims." This is not true. Prior to the implementation of BAPCPA, 11 U.S.C. §507 provided for the priority treatment of child support arrearage claims. The provisions of 11 U.S.C. §1322(a)(2) were unchanged with the implementation of BAPCPA. 11 U.S.C. §1322(a)(2) provides that the chapter 13 plan shall

> provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

In the Middle District of Alabama, prior to the implementation of BAPCPA, and following its implementation, the Trustee would not recommend and the Court would not confirm, a chapter 13 plan that did not provide for the full payment treatment of child support arrearage claims as priority claims pursuant to 11 U.S.C. §1322 and 507. In chapter 13 plans where the plan was confirmed with the payment of child support claims through the plan, claims filed by DHR, or any other holder of a priority child support claims, were paid in full through the plan with payments made by the debtor to the chapter 13 Trustee. These priority child

support claims were not and are not treated as general unsecured claims, but were and are treated as priority claims which must be paid in full during the term of the debtors' chapter 13 plan. Even if the debtor's plan provides for the payment of the child support arrearage direct, the claims have always been, and continue to be, treated as priority claims pursuant to §507 and 1322.  However, if the plan provides for the direct payment of those child support claims, then they are not paid through the debtor's payments to the chapter 13 Trustee.

DHR contends that pursuant to 11 U.S.C. §507(a), no disbursements should be made to either secured, unsecured or administrative expense claims until the entire claim filed by DHR in the debtors' case is paid in full.  DHR further contends that a debtors' Chapter 13 plan cannot be confirmed if it provides for the curing of the child support arrearage to be made in payments to DHR "outside" the Chapter 13 plan.

The issue of whether disbursements to secured and administrative expense creditors must await for payment in full of §507(a)(1)(a) Domestic Support Obligation claims has been addressed by both the Bankruptcy Court in the Middle District of Alabama in the cases of Brown and Boler and in the Northern District of Alabama case of In Re Sanders, 341 B.R. 47 (Bkrtcy. N.D. AL 2006).  Both the Middle and Northern Bankruptcy Courts in Brown, Boler and Sanders held that disbursements could be made to secured creditors before or simultaneously with

§507(a)(1)(A) claims.  DHR has appealed the <u>Brown</u>, <u>Boler</u> and <u>Sanders</u> cases in the Middle and Northern Districts of Alabama.  DHR has filed objections to confirmation in six other cases pending in the Middle District of Alabama.  Since the Appellant filed their primary brief in this appeal, one of the six pending objections has also been overruled by the Court in the case of <u>In re Raymond Vinnie</u>, Chapter 13 case number 06-80058-WRS (June 23, 2006).  The Trustee has been advised that DHR intends to appeal those additional six cases when and if the Court's decisions are unfavorable to them.  The issues presented to this Court for consideration are issues of first impression under the new provisions of BAPCPA. This issue is not being pursued by Alabama DHR's counterparts in other states.

The provisions of 11 U.S.C. §1322(a)(2) were unchanged by BAPCPA. Section 1322(a)(2) states the plan shall "provide for the full payment, in deferred cash payments, of all claims entitled to priority under §507 of this Title, unless the holder of a particular claim agrees to a different treatment of such claim."  The <u>Brown</u>, and <u>Boler</u> court acknowledges that §1322(a)(2) continues to require the Chapter 13 plan provide for full payment of priority claims under §507, but there is no provision in 11 U.S.C. §1322 which requires higher priority claims to be paid in full before lower priority claims.  There is no provision in §1322 that requires §507 priority claims be paid prior to the payment of secured or other unsecured claims.

The Court in <u>Brown</u> and <u>Boler</u>, citing to the Court's decision in <u>Sanders</u>, held that while §726(a)(1) requires priority claims to be paid in the order specified in §507, "there is not a similar provision in Chapter 13 requiring priority creditors to be paid 'in the order specified in §507.'" <u>Boler</u>, citing <u>Sanders</u>.

The <u>Boler</u> and <u>Brown</u> Court cites to §1326 as requiring the Trustee to pay §507(a)(2) administrative expense claims "before or contemporaneously with payments to other claim holders under the plan." Citing to <u>Sanders</u>, the Court held BAPCPA does not reflect any changes in congressional intent:

> By striking the reference to §507(a)(1) in §1326(b)(1) and adding §507(a)(2), Congress clearly intended to require the continued payment of administrative expenses before or contemporaneously with payments to other claim holders, even §507(a)(1) claim holders.

Finally, the Court in <u>Brown</u> and <u>Boler</u> cited to the <u>Sanders</u> opinion by recognizing the importance of 11 U.S.C. §1322(b)(4) which provides a Chapter 13 plan may "provide for payments on any unsecured claims to be paid concurrently with payments on any secured or any other unsecured claim."

The Court in <u>Brown</u> and <u>Boler</u> adopted the rational of the <u>Sanders</u> court and held that in Chapter 13 cases, §507(a)(1)(A) claims are not entitled to a full payment prior to disbursement to any other creditors, secured or unsecured.

In the court's decision in <u>Brown</u> and <u>Boler</u>, the case of <u>In Re Aldridge</u>, 335 BR 889 (Bkrtcy. S.D. AL 2005) was also cited. Although the <u>Aldridge</u> case was

decided prior to the effective date of BAPCPA, it dealt with the payment level of priority claims pursuant to §507 in a debtor's Chapter 13 plan.  In the <u>Aldridge</u> court's examination of §507, §1326 and §1322, the court finds no authority that requires the payment of priority claims in a Chapter 13 case to be made in any particular order, or in the order as set forth in §507.  The only exception to this order of payment is for the payment of administrative expense claims and Trustee's fees that must be paid "before or at the time of each payment to creditors under the plan."  11 U.S.C. §1322(b)(1).  §1326(b) does not set forth any order of payment for the other priority claims.  Furthermore, the court notes that nothing in §1322 requires that higher priority claims must be paid before lower priority claims.  Indeed, §1322(b)(4) states that the plan may "provide for payments on any unsecured claims to be paid concurrently with the payment of any secured claim or any other unsecured claim."  By definition, priority claims are a type of unsecured claim.  See Black's Law Dictionary 265 (8th Ed. 2004).  The provisions of §1322 allow for different levels of priority claims to be paid through the plan concurrently.

DHR has cited to this Court the case of <u>In Re DaSardi</u>, 340 BR 790 (Bankr. S.D. TX 2006) as supporting their position that the payment of their claim should be to the exclusion of the payment of secured creditors.  The <u>DeSardi</u> case does not hold for this premise.  The <u>DeSardi</u> Court was called upon to rule on the new

provision of §1325 which mandates payments of equal monthly amounts to secured creditors.  The argument in that case was between the secured creditor and the debtor's attorney for the payment of his fees.  While the Court found that the payment to the secured creditor could not mathematically be in equal monthly amounts, the court found that the administrative claims for the debtor's attorneys fees would not be unpaid to the exclusion of the secured creditor.  The court also found that the attorneys fees claim could not be paid to the exclusion of the secured creditor whose claim would be minimized by the depreciation of their collateral.

The identical issues of this case have now been examined again by the Middle District of Alabama in the case of In Re Raymond Vinnie, Chapter 13 case number 06-80058-WRS (June 23, 2006).  In the Vinnie case, the Court also held that while §507 does provide for the "higher" priority of domestic support obligation claims, the provisions of §1322 treat all unsecured priority claims alike. As in the Brown, Boler and Sanders opinions, the Court in Vinnie also cites to §1322(b) as further evidence of Congressional intent as §1322(b) states the plan may "provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim."  As priority claims are in fact a type of unsecured claim, no further distinction is needed.  If Congress had intended for there to be a distinction between different types of unsecured claims, they would have made that distinction in the provisions of §1322(b).

The Vinnie Court also held that the argument of DHR is contrary to the provisions of §1326(b)(1) which provides for the payment of the debtors' attorneys fees either before or at the same time of the payment to other creditors during the debtors' chapter 13 plan.

In the Middle District of Alabama, debtors' attorneys fees are paid pursuant to a Standing Order issued by the Bankruptcy Court for the payment of attorneys fees. Following the confirmation of a debtors' plan, the debtors' chapter 13 payments are paid to the debtors' attorney until the first half of the debtors' attorneys fees are paid. After the payment of the first half of the attorney fees, the second half of the fees are paid simultaneously with the debtors' secured and priority creditors. Only when secured and priority creditors are paid in full are payments made to the debtors' general unsecured creditors. It is the Trustee's contention that as the debtors' plan proposes to pay the claim of DHR in full, simultaneously with the payment of the debtors' secured creditors, then the debtors' plan meets the requirements of §1322 and §1326 and is due to be confirmed.

The Court in Brown and Boler went on to hold that 11 U.S.C. §1322(a)(2) does not expressly forbid the payment of §507 priority claims outside the chapter 13 plan. The court held that while 11 U.S.C. §1322(a)(2) requires full payment of §507 priority claims within the time of Chapter 13 plan, it does not preclude the

direct payment of §507(a)(1)(a) claims.  The only statutory requirement for confirmation under §1322 is that the priority claims be paid in full during the life of the plan.  The record is not complete to determine whether the direct payments proposed by the Bolers are sufficient to pay the claim in full within the term of the chapter 13 plan.  However, it is the Trustee's contention that if the facts show that the payments proposed by the debtor directly to DHR are sufficient to pay the claim of DHR in full over the life of the debtors' chapter 13 plan, then the debtors' plan is due to be confirmed.

## <u>CONCLUSION</u>

WHEREFORE, the above premises considered, the Appellee/Trustee respectfully requests that this Honorable Court affirm the United States Bankruptcy Court's memorandum opinion overruling the Department of Human Resources objection to confirmation in both of these cases and and remand the Boler case back to the Bankruptcy Court for a determination on the issue of whether the direct payments proposed by the Bolers will pay the claim of DHR in full during the term of the plan.

Respectfully submitted this 30th day of June, 2006.


CURTIS C. REDING, JR.
CHAPTER 13 TRUSTEE


By:        /s/ Sabrina L. McKinney
           Sabrina L. McKinney (MCK041)
           Staff Attorney for the Trustee
           ASB-3162-I71S


Office of the Chapter 13 Trustee
166 Commerce Street, Suite 202
P.O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
Email: mckinneys@ch13mdal.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Sabrina L. McKinney, counsel for the Standing Chapter 13 Trustee for the Middle District of Alabama, Appellee in this case, do hereby certify that this brief complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B).  The content of this brief contains 15 pages.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was furnished via either electronic mail or United States Mail, properly addressed and postage prepaid to the following this 30th day of June, 2006:

Ricky & Vicki Brown
11260 Hwy 80
Tyler, AL 36785

Cleveland D. & Evelyn D. Boler
2242 Hwy 31 N.
Deatsville, AL 36022

Richard D. Shinbaum
PO Box 201
Montgomery, AL 36101

Page B. Walley
State of Alabama
Department of Human Resources
Commissioner
PO Box 304000
Montgomery, AL 36130-4000

Jennifer Bush
State Legal Counsel, DHR
PO Box 304000
Montgomery, AL 36130-4000

Richard G. Moxley, III
Karen L. Materna
Holloway & Moxley
PO Box 4953
Montgomery, AL 36103

/s/ Sabrina L. McKinney
Sabrina L. McKinney