**APPENDIX OF STATUTES, RULES AND UNPUBLISHED OPINIONS**

0007     VERSACOMP (4.2 ) – COMPOSE2 (4.43)     06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    81

7      GENERAL PROVISIONS      § 101

*(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—*

*(A) owed to or recoverable by—*

*(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or*

*(ii) a governmental unit;*

*(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;*

*(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—*

*(i) a separation agreement, divorce decree, or property settlement agreement;*

*(ii) an order of a court of record; or*

*(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and*

*(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.*

(15) *The term "entity"* includes person, estate, trust, governmental unit, and United States trustee;.

(16) *The term "equity security" means—*

(A) share in a corporation, whether or not transferable or denominated "stock", or similar security;

(B) interest of a limited partner in a limited partnership; or

| 0030 | VERSACOMP (4.2  ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 342 |

## 11 U.S.C. § 102

### § 102.    Rules of construction

In this title—

(1) "after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

(2) "claim against the debtor" includes claim against property of the debtor;

(3) "includes" and "including" are not limiting;

(4) "may not" is prohibitive, and not permissive;

(5) "or" is not exclusive;

(6) "order for relief" means entry of an order for relief;

(7) the singular includes the plural;

(8) a definition, contained in a section of this title that refers to another section of this title, does not, for the purpose of such reference, affect the meaning of a term used in such other section; and

(9) "United States trustee" includes a designee of the United States trustee.

## 11 U.S.C. § 103

### § 103.    Applicability of chapters

(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11,

0031    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    360

31    GENERAL PROVISIONS    § 103

12, or 13 of this title:, *and this chapter, sections 307, 362(n), 555 through 557, and 559 through 562 apply in a case under chapter 15.*

(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

(c) Subchapter III of chapter 7 of this title applies only in a case under such chapter concerning a stockbroker.

(d) Subchapter IV of chapter 7 of this title applies only in a case under such chapter concerning a commodity broker.

(e) Scope of Application.—Subchapter V of chapter 7 of this title shall apply only in a case under such chapter concerning the liquidation of an uninsured State member bank, or a corporation organized under section 25A of the Federal Reserve Act, which operates, or operates as, a multilateral clearing organization pursuant to section 409 of the Federal Deposit Insurance Corporation Improvement Act of 1991.

(f) Except as provided in section 901 of this title, only chapters 1 and 9 of this title apply in a case under such chapter 9.

(g) Except as provided in section 901 of this title, subchapters I, II, and III of chapter 11 of this title apply only in a case under such chapter.

(h) Subchapter IV of chapter 11 of this title applies only in a case under such chapter concerning a railroad.

(i) Chapter 13 of this title applies only in a case under such chapter.

(j) Chapter 12 of this title applies only in a case under such chapter.

*(k) Chapter 15 applies only in a case under such chapter, except that—*

*(1) sections 1505, 1513, and 1514 apply in all cases under this title; and*

*(2) section 1509 applies whether or not a case under this title is pending.*

0092   VERSACOMP (4.2  ) – COMPOSE2 (4.43)        06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST        935

§ 361        BANKRUPTCY CODE        92

## SUBCHAPTER IV

## Administrative Powers

### 11 U.S.C. § 361

### § 361.        Adequate protection

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

### 11 U.S.C. § 362

### § 362.        Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor

0093        VERSACOMP (4.2 ) – COMPOSE2 (4.43)        06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST 946    16/20

93          CASE ADMINISTRATION          § 362

that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning ~~the debtor.~~ *a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.*

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

0094    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST 956    16/20

§ 362    BANKRUPTCY CODE    94

(2)[1] under subsection (a) ~~of this section—~~

(A) of the commencement or continuation of ~~an~~ *a civil* action or proceeding ~~for—~~

(i) *for* the establishment of paternity; ~~or~~

(ii) *for* the establishment or modification of an order for ~~alimony, maintenance, or~~ *domestic* support *obligations;* ~~or~~

*(iii) concerning child custody or visitation;*

*(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or*

*(v) regarding domestic violence;*

(B) of the collection of ~~alimony, maintenance, or~~ *a domestic* support *obligation* from property that is not property of the estate;

*(C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute;*

*(D) of the withholding, suspension, or restriction of a driver's license, a professional or occupational license, or a recreational license, under State law, as specified in section 466(a)(16) of the Social Security Act;*

*(E) of the reporting of overdue support owed by a parent to any consumer reporting agency as specified in section 466(a)(7) of the Social Security Act;*

---

[1] [*Editors' Note:* The following is a related provision of section 304 ("Protection of Child Support and Alimony") of the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394 (enacted on October 22, 1994):

(g) APPEARANCE BEFORE COURT.—Child support creditors or their representatives shall be permitted to appear and intervene without charge, and without meeting any special local court rule requirement for attorney appearances, in any bankruptcy case or proceeding in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics.]

0095  VERSACOMP (4.2  ) – COMPOSE2 (4.43)  06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST  967

95         CASE ADMINISTRATION         § 362

*(F) of the interception of a tax refund, as specified in sections 464 and 466(a)(3) of the Social Security Act or under an analogous State law; or*

*(G) of the enforcement of a medical obligation, as specified under title IV of the Social Security Act;*

(3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title;

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

(5) [Deleted]

(6) under subsection (a) of this section, of the setoff by a commodity broker, forward contract merchant, stockbroker, financial institution*s, financial participant,* or securities clearing agency of any mutual debt and claim under or in connection with commodity contracts, as defined in section 761 of this title, forward contracts, or securities contracts, as defined in section 741 of this title, that constitutes the setoff of a claim against the debtor for a margin payment, as defined in section 101, 741, or 761 of this title, or settlement payment, as defined in section 101 or 741 of this title, arising out of commodity contracts, forward contracts, or securities contracts against cash, securities,

0096    VERSACOMP (4.2 ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    972

§ 362        BANKRUPTCY CODE        **96**

or other property held by, *pledged to, under the control of,* or due from such commodity broker, forward contract merchant, stockbroker, financial institution*s, financial participant,* or securities clearing agency to margin, guarantee, ~~or~~ secure, or settle commodity contracts, forward contracts, or securities contracts;

(7) under subsection (a) of this section, of the setoff by a repo participant *or financial participant,* of any mutual debt and claim under or in connection with repurchase agreements that constitutes the setoff of a claim against the debtor for a margin payment, as defined in section 741 or 761 of this title, or settlement payment, as defined in section 741 of this title, arising out of repurchase agreements against cash, securities, or other property held by, *pledged to, under the control of,* or due from such repo *participant or financial* participant to margin, guarantee, secure or settle repurchase agreements;

(8) under subsection (a) of this section, of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units;

(9) under subsection (a), of—

(A) an audit by a governmental unit to determine tax liability;

(B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;

(C) a demand for tax returns; or

(D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property

0097    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    979

or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

(10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

(11) under subsection (a) of this section, of the present-ment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument;

(12) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title and which was brought by the Secretary of Transportation under section 31325 of title 46 (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage, or a security interest in or relating to a vessel or vessel under construction, held by the Secretary of Transportation under section 207 or title XI of the Mer-chant Marine Act, 1936, or under applicable State law;

(13) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title and which was brought by the Secretary of Commerce under section 31325 of title 46 (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage in a vessel or a mortgage, deed of trust, or other security interest in a fishing facility held by the Secretary of Commerce under section 207 or title XI of the Merchant Marine Act, 1936;

(14) under subsection (a) of this section, of any action by an accrediting agency regarding the accreditation status of the debtor as an educational institution;

| 0098 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 985 |

§ 362                   BANKRUPTCY CODE                   **98**

(15) under subsection (a) of this section, of any action by a State licensing body regarding the licensure of the debtor as an educational institution;

(16) under subsection (a) of this section, of any action by a guaranty agency, as defined in section 435(j) of the Higher Education Act of 1965 or the Secretary of Education regarding the eligibility of the debtor to participate in programs authorized under such Act;

(17) under subsection (a) ~~of this section~~, of the setoff by a swap participant~~,~~ *or financial participant* of ~~any~~ *a* mutual debt and claim under or in connection with ~~any~~ *one or more* swap ~~agreement~~ *agreements* that constitutes the setoff of a claim against the debtor for any payment *or other transfer of property* due from the debtor under or in connection with any swap agreement against any payment due to the debtor from the swap *participant or financial* participant under or in connection with any swap agreement or against cash, securities, or other property ~~of the debtor~~ held by, *pledged to, under the control of,* or due from such swap participant ~~to~~ *or financial participant to margin,* guarantee, secure, or settle any swap agreement; ~~or~~

(18) under subsection (a) of the creation or perfection of a statutory lien for an ad valorem property tax, *or a special tax or special assessment on real property whether or not ad valorem,* imposed by ~~the District of Columbia, or a political subdivision of a State~~ *a governmental unit,* if such tax *or assessment* comes due after the ~~filing~~ *date* of the *filing of the* petition~~.~~*;*

*(19) under subsection (a), of withholding of income from a debtor's wages and collection of amounts withheld, under the debtor's agreement authorizing that withholding and collection for the benefit of a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, that is sponsored by the employer of the debtor, or an affiliate, successor, or predecessor of such employer—*

*(A) to the extent that the amounts withheld and collected are used solely for payments relating to a loan from*

| 0099 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 990 |

*a plan under section 408(b)(1) of the Employee Retirement Income Security Act of 1974 or is subject to section 72(p) of the Internal Revenue Code of 1986; or*

*(B) a loan from a thrift savings plan permitted under subchapter III of chapter 84 of title 5, that satisfies the requirements of section 8433(g) of such title;*

*but nothing in this paragraph may be construed to provide that any loan made under a governmental plan under section 414(d), or a contract or account under section 403(b), of the Internal Revenue Code of 1986 constitutes a claim or a debt under this title;*

*(20) under subsection (a), of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing;*

*(21) under subsection (a), of any act to enforce any lien against or security interest in real property—*

*(A) if the debtor is ineligible under section 109(g) to be a debtor in a case under this title; or*

*(B) if the case under this title was filed in violation of a bankruptcy court order in a prior case under this title prohibiting the debtor from being a debtor in another case under this title;*

*(22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;*

*(23) subject to subsection (m), under subsection (a)(3), of an eviction action that seeks possession of the residential*

0100    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    998

§ 362    BANKRUPTCY CODE    **100**

*property in which the debtor resides as a tenant under a lease or rental agreement based on endangerment of such property or the illegal use of controlled substances on such property, but only if the lessor files with the court, and serves upon the debtor, a certification under penalty of perjury that such an eviction action has been filed, or that the debtor, during the 30-day period preceding the date of the filing of the certification, has endangered property or illegally used or allowed to be used a controlled substance on the property;*

*(24) under subsection (a), of any transfer that is not avoidable under section 544 and that is not avoidable under section 549;*

*(25) under subsection (a), of —*

*(A) the commencement or continuation of an investigation or action by a securities self regulatory organization to enforce such organization's regulatory power;*

*(B) the enforcement of an order or decision, other than for monetary sanctions, obtained in an action by such securities self regulatory organization to enforce such organization's regulatory power; or*

*(C) any act taken by such securities self regulatory organization to delist, delete, or refuse to permit quotation of any stock that does not meet applicable regulatory requirements;*

*(26) under subsection (a), of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an income tax liability for a taxable period that also ended before the date of the order for relief, except that in any case in which the setoff of an income tax refund is not permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of a tax liability, the governmental unit may hold the refund pending the resolution of the action, unless the court, on the motion of the trustee and after notice and a hearing, grants the taxing authority adequate protection (within the meaning of section*

| 0101 | VERSACOMP (4.2  ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
|---|---|---|
|  | FILE: PUB.221 |  |
|  | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1004 |

**101**        CASE ADMINISTRATION        § 362

*361) for the secured claim of such authority in the setoff under section 506(a);*

*(27) under subsection (a), of the setoff by a master netting agreement participant of a mutual debt and claim under or in connection with one or more master netting agreements or any contract or agreement subject to such agreements that constitutes the setoff of a claim against the debtor for any payment or other transfer of property due from the debtor under or in connection with such agreements or any contract or agreement subject to such agreements against any payment due to the debtor from such master netting agreement participant under or in connection with such agreements or any contract or agreement subject to such agreements or against cash, securities, or other property held by, pledged to, under the control of, or due from such master netting agreement participant to margin, guarantee, secure, or settle such agreements or any contract or agreement subject to such agreements, to the extent that such participant is eligible to exercise such offset rights under paragraph (6), (7), or (17) for each individual contract covered by the master netting agreement in issue; and*

*(28) under subsection (a), of the exclusion by the Secretary of Health and Human Services of the debtor from participation in the medicare program or any other Federal health care program (as defined in section 1128B(f) of the Social Security Act pursuant to title XI or XVIII of such Act).*

The provisions of paragraphs (12) and (13) of this subsection shall apply with respect to any such petition filed on or before December 31, 1989.

(c) Except as provided in subsections (d), (e), *(f)* and *(fh)* of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; ~~and~~

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

| 0102 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST 1012   17/22 | |

§ 362                     BANKRUPTCY CODE                     **102**

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;.

*(3) if a single or joint case is filed by or against debtor[2] who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—*

*(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;*

*(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and*

*(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—*

*(i) as to all creditors, if—*

*(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;*

*(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was*

---

2 [*Editors' Note:* So in original. The word "a" should probably precede "debtor".]

0103 VERSACOMP (4.2 ) – COMPOSE2 (4.43)                  06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST        1020

**103**     CASE ADMINISTRATION        **§ 362**

*dismissed within such 1-year period, after the debtor failed to—*

*(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);*

*(bb) provide adequate protection as ordered by the court; or*

*(cc) perform the terms of a plan confirmed by the court; or*

*(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—*

*(aa) if a case under chapter 7, with a discharge; or*

*(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and*

*(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and*

*(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and*

*(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;*

0104    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    1030

*(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;*

*(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and*

*(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—*

*(i) as to all creditors if —*

*(I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;*

*(II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or*

*(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or*

0105    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    1037

*(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.*

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization; ~~or~~

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) *or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—*

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments *that—*

*(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate*

| 0106 | VERSACOMP (4.2 ) – COMPOSE2 (4.43)<br>FILE: PUB.221 | 06/21/05 (11:41) |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1046 |

§ 362                    BANKRUPTCY CODE                    **106**

(other than a claim secured by a judgment lien or by an unmatured statutory lien)~~, which payments~~; and

*(ii)* are in an amount equal to interest at ~~a current fair market rate~~ *the then applicable nondefault contract rate of interest* on the value of the creditor's interest in the real estate~~;~~ *or*

*(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either—*

*(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or*

*(B) multiple bankruptcy filings affecting such real property.*

*If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.*

(e)*(1)* Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with

0107    VERSACOMP (4.2  ) – COMPOSE2 (4.43)              06/21/05 (11:41)
                        FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    1052

107        CASE ADMINISTRATION              § 362

the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

*(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—*

*(A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or*

*(B) such 60-day period is extended—*

*(i) by agreement of all parties in interest; or*

*(ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.*

(f) Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

| 0108 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1061 |

§ 362             BANKRUPTCY CODE             **108**

(2) the party opposing such relief has the burden of proof on all other issues.

(h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

(2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

(i) If a case commenced under chapter 7, 11, or 13 is dismissed due to the creation of a debt repayment plan, for

| 0109 | VERSACOMP (4.2  ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1066 |

**109**       CASE ADMINISTRATION              § 362

*purposes of subsection (c)(3), any subsequent case commenced by the debtor under any such chapter shall not be presumed to be filed not in good faith.*

*(j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.*

*(k)(1)* ~~An~~ *Except as provided in paragraph (2), an* individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

*(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.*

*(l)(1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—*

*(A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and*

*(B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.*

*(2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankrupcty law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by*

0110     VERSACOMP (4.2  ) – COMPOSE2 (4.43)     06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST     1073

§ 362          BANKRUPTCY CODE          **110**

*the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).*

*(3)(A) If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.*

*(B) If the court upholds the objection of the lessor filed under subparagraph (A)—*

*(i) subsection (b)(22) shall apply immediately and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and*

*(ii) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the court's order upholding the lessor's objection.*

*(4) If a debtor, in accordance with paragraph (5), indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and does not file a certification under paragraph (1) or (2)—*

*(A) subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and*

*(B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22).*

*(5)(A) Where a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and*

0111    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    1081

**111**    CASE ADMINISTRATION    **§ 362**

*shall provide the name and address of the lessor that obtained that pre-petition judgment on the petition and on any certification filed under this subsection.*

*(B) The form of certification filed with the petition, as specified in this subsection, shall provide for the debtor to certify, and the debtor shall certify—*

*(i) whether a judgment for possession of residential rental housing in which the debtor resides has been obtained against the debtor before the date of the filing of the petition; and*

*(ii) whether the debtor is claiming under paragraph (1) that under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment of possession was entered, and has made the appropriate deposit with the court.*

*(C) The standard forms (electronic and otherwise) used in a bankruptcy proceeding shall be amended to reflect the requirements of this subsection.*

*(D) The clerk of the court shall arrange for the prompt transmittal of the rent deposited in accordance with paragraph (1)(B) to the lessor.*

*(m)(1) Except as otherwise provided in this subsection, subsection (b)(23) shall apply on the date that is 15 days after the date on which the lessor files and serves a certification described in subsection (b)(23).*

*(2)(A) If the debtor files with the court an objection to the truth or legal sufficiency of the certification described in subsection (b)(23) and serves such objection upon the lessor, subsection (b)(23) shall not apply, unless ordered to apply by the court under this subsection.*

*(B) If the debtor files and serves the objection under subparagraph (A), the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the situation giving rise to the lessor's certification under paragraph (1) existed or has been remedied.*

0112    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    1090

§ 362    BANKRUPTCY CODE    112

(C) If the debtor can demonstrate to the satisfaction of the court that the situation giving rise to the lessor's certification under paragraph (1) did not exist or has been remedied, the stay provided under subsection (a)(3) shall remain in effect until the termination of the stay under this section.

(D) If the debtor cannot demonstrate to the satisfaction of the court that the situation giving rise to the lessor's certification under paragraph (1) did not exist or has been remedied—

(i) relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to proceed with the eviction; and

(ii) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the court's order upholding the lessor's certification.

(3) If the debtor fails to file, within 15 days, an objection under paragraph (2)(A)—

(A) subsection (b)(23) shall apply immediately upon such failure and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and

(B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating such failure.

(n)(1) Except as provided in paragraph (2), subsection (a) does not apply in a case in which the debtor—

(A) is a debtor in a small business case pending at the time the petition is filed;

(B) was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition;

(C) was a debtor in a small business case in which a plan was confirmed in the 2-year period ending on the

0113
VERSACOMP (4.2  ) – COMPOSE2 (4.43)            06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST            1100

*date of the order for relief entered with respect to the petition; or*

*(D) is an entity that has acquired substantially all of the assets or business of a small business debtor described in subparagraph (A), (B), or (C), unless such entity establishes by a preponderance of the evidence that such entity acquired substantially all of the assets or business of such small business debtor in good faith and not for the purpose of evading this paragraph.*

*(2) Paragraph (1) does not apply—*

*(A) to an involuntary case involving no collusion by the debtor with creditors; or*

*(B) to the filing of a petition if—*

*(i) the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and*

*(ii) it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.*

*(o) The exercise of rights not subject to the stay arising under subsection (a) pursuant to paragraph (6), (7), (17), or (27) of subsection (b) shall not be stayed by any order of a court or administrative agency in any proceeding under this title.*

## 11 U.S.C. § 363

## § 363.    Use, sale, or lease of property

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject

0152      VERSACOMP (4.2  ) – COMPOSE2 (4.43)      06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST      1424

§ 507      BANKRUPTCY CODE      **152**

*the payment of all ad valorem property taxes with respect to the property.*

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

## 11 U.S.C. § 507

### § 507.     Priorities

(a) The following expenses and claims have priority in the following order:

(1) First:

(A) *Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.*

(B) *Subject to claims under subparagraph (A), allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition, are assigned by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative to a governmental unit (unless such obligation is assigned voluntarily by the spouse, former spouse, child, parent, legal guardian, or responsible relative of the child for the*

*purpose of collecting the debt) or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition be applied and distributed in accordance with applicable nonbankruptcy law.*

*(C) If a trustee is appointed or elected under section 701, 702, 703, 1104, 1202, or 1302, the administrative expenses of the trustee allowed under paragraphs (1)(A), (2), and (6) of section 503(b) shall be paid before payment of claims under subparagraphs (A) and (B), to the extent that the trustee administers assets that are otherwise available for the payment of such claims.*

*(2) Second,* administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

~~(2) Second, unsecured claims allowed under section 502(f) of this title.~~

*(3) Third, unsecured claims allowed under section 502(f) of this title.*

*(4) Fourth,* allowed unsecured claims, but only to the extent of $~~4,925~~[1] 10,000[2] for each individual or corporation,

[1] [*Editors' Note:* For cases commenced prior to April 1, 2004, the dollar amount is $4,650.]

[2] [*Editors' Note:* Subsections (a)–(b)(1) of section 1406 of the 2005 Act provide:

(a) EFFECTIVE DATE.—Except as provided in subsection (b) [of this section], this title and the amendments made by this title [including the amendments to the dollar amounts and the amendment to the number of days in paragraphs (4) and (5) of Code section 507(a)] shall take effect on the date of the enactment of this Act.

(b) APPLICATION OF AMENDMENTS.—

(1) IN GENERAL.—Except as provided in paragraph (2) [of subsection (b) of this section, which pertains only to changes made to subsections (a) and (b) of Code section 548], the amendments made by this title [including the amendments to the dollar amounts and the amendment to the number of days in paragraphs (4) and (5) of Code section 507(a)] shall apply only with respect to cases commenced under title 11 of the United States Code on or after the date of the enactment of this Act.]

| 0154 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |

FILE: PUB.221

J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST 1438    21/31

§ 507         BANKRUPTCY CODE                    **154**

as the case may be, earned within ~~90~~ *180*[3] days before the
date of the filing of the petition or the date of the cessation
of the debtor's business, whichever occurs first, for—

(A) wages, salaries, or commissions, including vacation,
severance, and sick leave pay earned by an individual;
or

(B) sales commissions earned by an individual or by
a corporation with only 1 employee, acting as an indepen-
dent contractor in the sale of goods or services for the
debtor in the ordinary course of the debtor's business if,
and only if, during the 12 months preceding that date,
at least 75 percent of the amount that the individual or
corporation earned by acting as an independent contrac-
tor in the sale of goods or services was earned from the
debtor~~;~~*.*

(~~4~~5) ~~Fourth~~ *Fifth*, allowed unsecured claims for contribu-
tions to an employee benefit plan—

(A) arising from services rendered within 180 days
before the date of the filing of the petition or the date of
the cessation of the debtor's business, whichever occurs
first; but only

(B) for each such plan, to the extent of—

(i) the number of employees covered by each such
plan multiplied by $~~4,925~~[4] *10,000*;[5] less

(ii) the aggregate amount paid to such employees
under paragraph (~~3~~4) of this subsection, plus the aggre-
gate amount paid by the estate on behalf of such
employees to any other employee benefit plan.

(~~5~~6) ~~Fifth~~ *Sixth*, allowed unsecured claims of persons—

(A) engaged in the production or raising of grain, as
defined in section 557(b) of this title, against a debtor who
owns or operates a grain storage facility, as defined in

---

[3] [*Editors' Note: See* note 2 *supra.*]

[4] [*Editors' Note: See* note 1 *supra.*]

[5] [*Editors' Note: See* note 2 *supra.*]

0155    VERSACOMP (4.2 ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST 1447    24/34

155    CREDITORS, THE DEBTOR, AND THE ESTATE    § 507

section 557(b) of this title, for grain or the proceeds of grain, or

(B) engaged as a United States fisherman against a debtor who has acquired fish or fish produce from a fisherman through a sale or conversion, and who is engaged in operating a fish produce storage or processing facility—

but only to the extent of $4,925[6] for each such individual.

(67) ~~Sixth~~ *Seventh*, allowed unsecured claims of individuals, to the extent of $2,225[7] for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

~~(7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—~~

~~(A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or~~

~~(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.~~

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts *for a taxable year ending on or before the date of the filing of the petition—*

---

6 [*Editors' Note: See* note 1 *supra.*]

7 [*Editors' Note:* For cases commenced prior to April 1, 2004, the dollar amount is $2,100.]

| 0156 | VERSACOMP (4.2  ) – COMPOSE2 (4.43)<br>FILE: PUB.221 | 06/21/05 (11:41) |
|---|---|---|
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1456 |

§ 507    BANKRUPTCY CODE   **156**

(i) for ~~a taxable year ending on or before the date of the filing of the petition for~~ which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days~~, plus~~ *before the date of the filing of the petition, exclusive of—*

(I) any time ~~plus 30 days~~ during which an offer in compromise with respect to ~~such tax that was made within 240 days after such assessment~~ *that tax* was pending~~, before the date of the filing of the petition;~~ or *in effect during that 240-day period, plus 30 days; and*

(II) *any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days.*

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

(B) a property tax ~~assessed~~ *incurred* before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph ~~(3)~~ *(4)* of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

0157 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1466

**157**    CREDITORS, THE DEBTOR, AND THE ESTATE    **§ 507**

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

(F) a customs duty arising out of the importation of merchandise—

(i) entered for consumption within one year before the date of the filing of the petition;

(ii) covered by an entry liquidated or reliquidated within one year before the date of the filing of the petition; or

(iii) entered for consumption within four years before the date of the filing of the petition but unliquidated on such date, if the Secretary of the Treasury certifies that failure to liquidate such entry was due to an investigation pending on such date into assessment of antidumping or countervailing duties or fraud, or if information needed for the proper appraisement or classification of such merchandise was not available to the appropriate customs officer before such date; or

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

*An otherwise applicable time period specified in this paragraph shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title or during which collection was precluded by the existence of 1 or more confirmed plans under this title, plus 90 days.*

(9) Ninth, allowed unsecured claims based upon any commitment by the debtor to a Federal depository institutions regulatory agency (or predecessor to such agency) to maintain the capital of an insured depository institution.

| 0158 | VERSACOMP (4.2 ) – COMPOSE2 (4.43) | 06/21/05 (11:41) |
| | FILE: PUB.221 | |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 1474 |

§ 508          BANKRUPTCY CODE          **158**

*(10) Tenth, allowed claims for death or personal injuries resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.*

(b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(~~1~~2) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

(c) For the purpose of subsection (a) of this section, a claim of a governmental unit arising from an erroneous refund or credit of a tax has the same priority as a claim for the tax to which such refund or credit relates.

(d) An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(~~3~~*1*), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), or (a)(9) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

## 11 U.S.C. § 508

**§ 508.    Effect of distribution other than under this title**

~~(a) If a creditor receives, in a foreign proceeding, payment of, or a transfer of property on account of, a claim that is allowed under this title, such creditor may not receive any payment under this title on account of such claim until each of the other holders of claims on account of which such holders are entitled to share equally with such creditor under this title has received payment under this title equal in value to~~

0266    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    2452

§ 704    BANKRUPTCY CODE    **266**

the United States trustee may appoint an interim trustee in the manner specified in section 701(a).

(c) If creditors do not elect a successor trustee under subsection (a) of this section or if a trustee is needed in a case reopened under section 350 of this title, then the United States trustee—

(1) shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 to serve as trustee in the case; or

(2) may, if none of the disinterested members of such panel is willing to serve as trustee, serve as trustee in the case.

## 11 U.S.C. § 704

### § 704.    **Duties of trustee**

(a) The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee,

0267          VERSACOMP (4.2  ) – COMPOSE2 (4.43)          06/21/05 (11:41)
                          FILE: PUB.221
      J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST          2466

267          LIQUIDATION          § 704

and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; ~~and~~

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee~~.~~;

*(10) if with respect to the debtor there is a claim for a domestic support obligation, provide the applicable notice specified in subsection (c);*

*(11) if, at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator (as defined in section 3 of the Employee Retirement Income Security Act of 1974) of an employee benefit plan, continue to perform the obligations required of the administrator; and*

*(12) use all reasonable and best efforts to transfer patients from a health care business that is in the process of being closed to an appropriate health care business that—*

*(A) is in the vicinity of the health care business that is closing;*

*(B) provides the patient with services that are substantially similar to those provided by the health care business that is in the process of being closed; and*

*(C) maintains a reasonable quality of care.*

*(b)(1) With respect to a debtor who is an individual in a case under this chapter—*

*(A) the United States trustee (or the bankruptcy administrator, if any) shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b); and*

Case 2:06-cv-00473-WKW    Document 7-2    Filed 07/05/2006    Page 36 of 74

*(B) not later than 5 days after receiving a statement under subparagraph (A), the court shall provide a copy of the statement to all creditors.*

*(2) The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section 707(b) or file a statement setting forth the reasons the United States trustee (or the bankruptcy administrator, if any) does not consider such a motion to be appropriate, if the United States trustee (or the bankruptcy administrator, if any) determines that the debtor's case should be presumed to be an abuse under section 707(b) and the product of the debtor's current monthly income, multiplied by 12 is not less than—*

*(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner; or*

*(B) in the case of a debtor in a household of 2 or more individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals.*

*(c)(1) In a case described in subsection (a)(10) to which subsection (a)(10) applies, the trustee shall—*

*(A)(i) provide written notice to the holder of the claim described in subsection (a)(10) of such claim and of the right of such holder to use the services of the State child support enforcement agency established under sections 464 and 466 of the Social Security Act for the State in which such holder resides, for assistance in collecting child support during and after the case under this title;*

*(ii) include in the notice provided under clause (i) the address and telephone number of such State child support enforcement agency; and*

*(iii) include in the notice provided under clause (i) an explanation of the rights of such holder to payment of such claim under this chapter;*

0269    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    2484

*(B)(i) provide written notice to such State child support enforcement agency of such claim; and*

*(ii) include in the notice provided under clause (i) the name, address, and telephone number of such holder; and*

*(C) at such time as the debtor is granted a discharge under section 727, provide written notice to such holder and to such State child support enforcement agency of—*

*(i) the granting of the discharge;*

*(ii) the last recent known address of the debtor;*

*(iii) the last recent known name and address of the debtor's employer; and*

*(iv) the name of each creditor that holds a claim that—*

*(I) is not discharged under paragraph (2), (4), or (14A) of section 523(a); or*

*(II) was reaffirmed by the debtor under section 524(c).*

*(2)(A) The holder of a claim described in subsection (a)(10) or the State child support enforcement agency of the State in which such holder resides may request from a creditor described in paragraph (1)(C)(iv) the last known address of the debtor.*

*(B) Notwithstanding any other provision of law, a creditor that makes a disclosure of a last known address of a debtor in connection with a request made under subparagraph (A) shall not be liable by reason of making such disclosure.*

## 11 U.S.C. § 705

### § 705.    Creditors' committee

(a) At the meeting under section 341(a) of this title, creditors that may vote for a trustee under section 702(a) of this title may elect a committee of not fewer than three, and not

0283 VERSACOMP (4.2  ) – COMPOSE2 (4.43)          06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST          2611

283          L<small>IQUIDATION</small>          § 726

under subsection (b) of this section the same as if such lien were a tax lien.

*(e) Before subordinating a tax lien on real or personal property of the estate, the trustee shall—*

*(1) exhaust the unencumbered assets of the estate; and*

*(2) in a manner consistent with section 506(c), recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving or disposing of such property.*

*(f) Notwithstanding the exclusion of ad valorem tax liens under this section and subject to the requirements of subsection (e), the following may be paid from property of the estate which secures a tax lien, or the proceeds of such property:*

*(1) Claims for wages, salaries, and commissions that are entitled to priority under section 507(a)(4).*

*(2) Claims for contributions to an employee benefit plan entitled to priority under section 507(a)(5).*

### 11 U.S.C. § 725

**§ 725.     Disposition of certain property**

After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

### 11 U.S.C. § 726

**§ 726.     Distribution of property of the estate**

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of

0284    VERSACOMP (4.2  ) – COMPOSE2 (4.43)                06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST        2624

§ 726    BANKRUPTCY CODE                284

which is timely filed under section 501 of this title or tardily filed *on or* before the *earlier of*—

   *(A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or*

   *(B) the* date on which the trustee commences *final* distribution under this section;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

   (A) timely filed under section 501(a) of this title;

   (B) timely filed under section 501(b) or 501(c) of this title; or

   (C) tardily filed under section 501(a) of this title, if—

    (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

    (ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection;

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and

(6) sixth, to the debtor.

0285
VERSACOMP (4.2  ) – COMPOSE2 (4.43)
FILE: PUB.221
06/21/05 (11:41)
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST
2637

285    LIQUIDATION    § 726

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1009, 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

(c) Notwithstanding subsections (a) and (b) of this section, if there is property of the kind specified in section 541(a)(2) of this title, or proceeds of such property, in the estate, such property or proceeds shall be segregated from other property of the estate, and such property or proceeds and other property of the estate shall be distributed as follows:

(1) Claims allowed under section 503 of this title shall be paid either from property of the kind specified in section 541(a)(2) of this title, or from other property of the estate, as the interest of justice requires.

(2) Allowed claims, other than claims allowed under section 503 of this title, shall be paid in the order specified in subsection (a) of this section, and, with respect to claims of a kind specified in a particular paragraph of section 507 of this title or subsection (a) of this section, in the following order and manner:

(A) First, community claims against the debtor or the debtor's spouse shall be paid from property of the kind specified in section 541(a)(2) of this title, except to the extent that such property is solely liable for debts of the debtor.

(B) Second, to the extent that community claims against the debtor are not paid under subparagraph (A) of this paragraph, such community claims shall be paid

0286          VERSACOMP (4.2  ) – COMPOSE2 (4.43)          06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST2642   56/96

§ 727          BANKRUPTCY CODE          **286**

from property of the kind specified in section 541(a)(2) of this title that is solely liable for debts of the debtor.

(C) Third, to the extent that all claims against the debtor including community claims against the debtor are not paid under subparagraph (A) or (B) of this paragraph such claims shall be paid from property of the estate other than property of the kind specified in section 541(a)(2) of this title.

(D) Fourth, to the extent that community claims against the debtor or the debtor's spouse are not paid under subparagraph (A), (B), or (C) of this paragraph, such claims shall be paid from all remaining property of the estate.

## 11 U.S.C. § 727

### § 727.    Discharge

(a) The court shall grant the debtor a discharge, unless—[1]

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from

---

[1] [*Editors' Note:* Section 1228(a) of the 2005 Act provides: "CHAPTER 7 CASES.—The court shall not grant a discharge in the case of an individual who is a debtor in a case under chapter 7 of title 11, United States Code, unless requested tax documents have been provided to the court."]

417    ADJUSTMENT OF DEBTS—INDIVIDUAL    § 1322

*required under this subsection is attributable to circum-
stances beyond the control of the debtor, the court may
extend the filing period established by the trustee under this
subsection for—*

*(A) a period of not more than 30 days for returns
described in paragraph (1); and*

*(B) a period not to extend after the applicable extended
due date for a return described in paragraph (2).*

*(c) For purposes of this section, the term "return" includes
a return prepared pursuant to subsection (a) or (b) of section
6020 of the Internal Revenue Code of 1986, or a similar State
or local law, or a written stipulation to a judgment or a final
order entered by a nonbankruptcy tribunal.*

## SUBCHAPTER II

## The Plan

### 11 U.S.C. § 1321

### § 1321.    Filing of plan

The debtor shall file a plan.

### 11 U.S.C. § 1322

### § 1322.    Contents of plan

(a) The plan shall—

(1) provide for the submission of all or such portion of
future earnings or other future income of the debtor to the
supervision and control of the trustee as is necessary for
the execution of the plan;

(2) provide for the full payment, in deferred cash pay-
ments, of all claims entitled to priority under section 507
of this title, unless the holder of a particular claim agrees
to a different treatment of such claim; ~~and~~

| 0418 | VERSACOMP (4.2 ) – COMPOSE2 (4.43)<br>FILE: PUB.221 | 06/21/05 (11:41) |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 3976 |

§ 1322            BANKRUPTCY CODE            **418**

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class-; *and*

*(4) notwithstanding any other provision of this section, a plan may provide for less than full payment of all amounts owed for a claim entitled to priority under section 507(a)(1)(B) only if the plan provides that all of the debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.*

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims;

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(3) provide for the curing or waiving of any default;

(4) provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

(6) provide for the payment of all or any part of any claim allowed under section 1305 of this title;

(7) subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory

0419    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    3985

419    ADJUSTMENT OF DEBTS—INDIVIDUAL    § 1322

contract or unexpired lease of the debtor not previously rejected under such section;

(8) provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor;

(9) provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity; ~~and~~

*(10) provide for the payment of interest accruing after the date of the filing of the petition on unsecured claims that are nondischargeable under section 1328(a), except that such interest may be paid only to the extent that the debtor has disposable income available to pay such interest after making provision for full payment of all allowed claims; and*

~~(10)~~*(11)* include any other appropriate provision not inconsistent with this title.

(c) Notwithstanding subsection (b)(2) and applicable non-bankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law; and

(2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

(d) ~~The~~ *(1) If the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than—*

*(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;*

| 0420 | VERSACOMP (4.2  ) – COMPOSE2 (4.43)<br>FILE: PUB.221 | 06/21/05 (11:41) |
| | J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST | 3995 |

§ 1322                    BANKRUPTCY CODE                    **420**

*(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or*

*(C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $525 per month for each individual in excess of 4,*

*the* plan may not provide for payments over a period that ~~is longer than three~~ *is longer than 5 years.*

*(2) If the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is less than—*

*(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;*

*(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or*

*(C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $525 per month for each individual in excess of 4,*

*the* plan may not provide for payments over a period that *is longer than 3 years,* unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than ~~five~~ *5* years.

(e) Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

*(f) A plan may not materially alter the terms of a loan described in section 362(b)(19) and any amounts required to repay such loan shall not constitute "disposable income" under section 1325.*

0421

VERSACOMP (4.2  ) – COMPOSE2 (4.43)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST005   73/124

06/21/05 (11:41)

421    ADJUSTMENT OF DEBTS—INDIVIDUAL    § 1325

## 11 U.S.C. § 1323

### § 1323.    Modification of plan before confirmation

(a) The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1322 of this title.

(b) After the debtor files a modification under this section, the plan as modified becomes the plan.

(c) Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

## 11 U.S.C. § 1324

### § 1324.    Confirmation hearing

~~After~~ *(a) Except as provided in subsection (b) and after* notice, the court shall hold a hearing on confirmation of the plan. A party in interest may object to confirmation of the plan.

*(b) The hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date.*

## 11 U.S.C. § 1325

### § 1325.    Confirmation of plan

(a) Except as provided in subsection (b), the court shall

0422        VERSACOMP (4.2  ) – COMPOSE2 (4.43)        06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST016   73/124

§ 1325        BANKRUPTCY CODE        422

confirm a plan if—[1]

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that—

(I) the holder of such claim retain the lien securing such claim *until the earlier of—*

*(aa) the payment of the underlying debt determined under nonbankruptcy law; or*

*(bb) discharge under section 1328; and*

*(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;* ~~and~~

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ~~or~~ *and*

---

[1] [*Editors' Note:* Section 1228(b) of the 2005 Act provides: "CHAPTER 11 AND CHAPTER 13 CASES.—The court shall not confirm a plan of reorganization in the case of an individual under chapter 11 or 13 of title 11, United States Code, unless requested tax documents have been filed with the court."]

0423    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST 029    74/125

423    ADJUSTMENT OF DEBTS—INDIVIDUAL    § 1325

(iii) if—

(I) property to be distributed pursuant to this sub-section is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

(C) the debtor surrenders the property securing such claim to such holder; ~~and~~

(6) the debtor will be able to make all payments under the plan and to comply with the plan~~.~~;

(7) the action of the debtor in filing the petition was in good faith;

(8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day[2] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court

2 [Editors' Note: So in original. The word "period" was probably omitted inadvertently in the 2005 Act.]

0424    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    4038

§ 1325        BANKRUPTCY CODE        **424**

may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the ~~three-year~~ *applicable commitment* period beginning on the date that the first payment is due under the plan will be applied to make payments *to unsecured creditors* under the plan.

(2) For purposes of this subsection, *the term* "disposable income" means *current monthly* income ~~which is received by the debtor and which is not~~ *received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts* reasonably necessary to be expended—

(A)*(i)* for the maintenance or support of the debtor or a dependent of the debtor, ~~including~~ *or for a domestic support obligation, that first becomes payable after the date the petition is filed; and*

*(ii) for* charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)~~)~~ to a qualified religious or charitable entity or organization (as ~~that term is~~ defined in section 548(d)(4)) in an amount not to exceed 15 percent of ~~the~~ gross income of the debtor for the year in which the contributions are made; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

*(3) Amounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than—*

0425    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    4046

425    ADJUSTMENT OF DEBTS—INDIVIDUAL    § 1325

*(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;*

*(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or*

*(C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $525 per month for each individual in excess of 4.*

*(4) For purposes of this subsection, the "applicable commitment period"—*

*(A) subject to subparagraph (B), shall be—*

*(i) 3 years; or*

*(ii) not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than—*

*(I) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;*

*(II) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or*

*(III) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $525 per month for each individual in excess of 4; and*

*(B) may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period.*

(c) After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

0426    VERSACOMP (4.2  ) – COMPOSE2 (4.43)    06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST    4058

§ 1326    BANKRUPTCY CODE    426

## 11 U.S.C. § 1326

### § 1326.    Payments

(a)(1) Unless the court orders otherwise, the debtor shall commence making ~~the~~ payments ~~proposed by a plan within 30 days after the plan is filed.~~ *not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—*

*(A) proposed by the plan to the trustee;*

*(B) scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; and*

*(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.*

(2) A payment made under ~~this subsection~~ *paragraph (1)(A)* shall be retained by the trustee until confirmation or denial of confirmation ~~of a plan~~. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as *is* practicable. If a plan is not confirmed, the trustee shall return any such ~~payment~~ *payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3)* to the debtor, after deducting any unpaid claim allowed under section 503(b) ~~of this title~~.

*(3) Subject to section 363, the court may, upon notice and a hearing, modify, increase, or reduce the payments required under this subsection pending confirmation of a plan.*

Case 2:06-cv-00473-WKW    Document 7-2    Filed 07/05/2006    Page 52 of 74

*(4) Not later than 60 days after the date of filing of a case under this chapter, a debtor retaining possession of personal property subject to a lease or securing a claim attributable in whole or in part to the purchase price of such property shall provide the lessor or secured creditor reasonable evidence of the maintenance of any required insurance coverage with respect to the use or ownership of such property and continue to do so for so long as the debtor retains possession of such property.*

(b) Before or at the time of each payment to creditors under the plan, there shall be paid—

(1) any unpaid claim of the kind specified in section 507(a)(~~1~~2) of this title; ~~and~~

(2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28~~.~~; and

*(3) if a chapter 7 trustee has been allowed compensation due to the conversion or dismissal of the debtor's prior case pursuant to section 707(b), and some portion of that compensation remains unpaid in a case converted to this chapter or in the case dismissed under section 707(b) and refiled under this chapter, the amount of any such unpaid compensation, which shall be paid monthly—*

*(A) by prorating such amount over the remaining duration of the plan; and*

*(B) by monthly payments not to exceed the greater of—*

*(i) $25; or*

*(ii) the amount payable to unsecured nonpriority creditors, as provided by the plan, multiplied by 5 percent, and the result divided by the number of months in the plan.*

(c) Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

*(d) Notwithstanding any other provision of this title—*

0428          VERSACOMP (4.2  ) – COMPOSE2 (4.43)          06/21/05 (11:41)
FILE: PUB.221
J:\VRS\DAT\00221\REDLINE.GML --- r221por3.sty --CTP READY-- v2.8 10/30 --- POST      4077

§ 1327          BANKRUPTCY CODE          **428**

*(1) compensation referred to in subsection (b)(3) is payable
and may be collected by the trustee under that paragraph,
even if such amount has been discharged in a prior case
under this title; and*

*(2) such compensation is payable in a case under this
chapter only to the extent permitted by subsection (b)(3).*

## 11 U.S.C. § 1327

### § 1327.    Effect of confirmation

(a) The provisions of a confirmed plan bind the debtor and
each creditor, whether or not the claim of such creditor is
provided for by the plan, and whether or not such creditor
has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order
confirming the plan, the confirmation of a plan vests all of
the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order
confirming the plan, the property vesting in the debtor under
subsection (b) of this section is free and clear of any claim
or interest of any creditor provided for by the plan.

## 11 U.S.C. § 1328

### § 1328.    Discharge

(a) ~~As~~ *Subject to subsection (d), as* soon as practicable after
completion by the debtor of all payments under the plan, *and
in the case of a debtor who is required by a judicial or
administrative order, or by statute, to pay a domestic support
obligation, after such debtor certifies that all amounts payable
under such order or such statute that are due on or before the
date of the certification (including amounts due before the
petition was filed, but only to the extent provided for by the
plan) have been paid,* unless the court approves a written
waiver of discharge executed by the debtor after the order for
relief under this chapter, the court shall grant the debtor a

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br>    **William E. Rush,**<br>    **Debtor;** | )<br>)<br>) | **Case No.: 06-40015-JJR-13** |
| In re:<br>    **Christine Perkins,**<br>    **Debtor;** | )<br>)<br>) | **Case No.: 05-44868-JJR-13** |
| In re:<br>    **Dorothy African House,**<br>    **Debtor;** | )<br>)<br>) | **Case No.: 06-40027-JJR-13** |
| In re:<br>    **Marty L. Cook,**<br>    **Debtor; and** | )<br>)<br>) | **Case No.: 06-40035-JJR-13** |
| In re:<br>    **Gregory Scott Dunston,**<br>    **Debtor.** | )<br>)<br>) | **Case No.:  06-40131-JJR-13** |

## MEMORANDUM OPINION ON OBJECTIONS TO CONFIRMATION

On April 5, 2006, the respective chapter 13 plans (individually, a "Plan" and together the "Plans") filed by the above Debtors came before the Court for confirmation. All these cases were filed after October 17, 2005, the effective date for most provisions the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The Alabama Department of Human Resources ("DHR") filed objections to the confirmation of each of the Plans. This Court has jurisdiction in these matters pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference of

1

the District Court. Confirmation of the Plans and DHR's objections thereto are core proceedings pursuant to 28 U.S.C. § 157(b)(L). For the reasons indicated below, the Court is overruling DHR's objections to confirmation.

## FACTS

All of the Debtors have debts for "domestic support obligations" ("DSO") as defined in section 101(14A) of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq*, hereinafter the "Bankruptcy Code" and the "Code"). Each Plan proposes that the Debtor's periodic payments to the standing chapter 13 trustee (the "Trustee") will be disbursed over the duration of the Plan to pay allowed claims, including claims for DSO ("DSO Claims"). Creditors, regardless of their status as priority, non-priority (i.e. general unsecured) and secured creditors, are to receive contemporaneous, periodic disbursements. In most, if not all instances, disbursements from the first several Plan payments are more heavily weighted to the payment of the attorneys' fees due Debtors' counsel. Thus the Debtors' attorneys are paid their fees early in the life of the Plan while other claims are paid over the full duration of the Plans. In some instances, payments to secured creditors are to be made directly by the Debtors and not through the Trustee.

DHR holds DSO Claims in each of these cases. DHR objects to confirmation of the Plans on grounds that the DSO Claims, which are entitled to first priority status

2

under Code § 507(a)(1), are not being ***paid in full*** before payments are made to other creditors, whether such creditors hold priority or non-priority claims, or secured or unsecured claims. DHR concedes there is one exception to DSO Claims being paid first, that exception being adequate protection payments to secured creditors due under Code §§ 1325(a)(5)(B)(iii)(I) and (II). In other words, according to DHR, the total amount of the initial payments under each Plan must go exclusively to satisfy DSO Claims, with a carve-out to secured creditors for adequate protection payments. DHR specifically complains Plan payments will be made to the Debtors' attorneys before DSO Claims are paid in full. DHR alleges that although attorneys' fees are entitled to priority status under Code § 507(a)(2), priority is one step below the priority status DSO Claims, and therefore the Debtors' attorneys and other section 507(a)(2) administrative claimants must wait until DSO Claims are paid in full before receiving any disbursement from the Trustee.

## LAW

Bankruptcy Code § 1322 (a)(2) requires a plan to "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title." DHR, the Trustee, and the Debtors all agree the proposed payments under the Plans must fully satisfy all priority claims to be confirmed. However, the Trustee and Debtors do not agree with DHR that DSO Claims must be paid in full before

3

payments can commence on other claims.

The simple answer to the issue raised by DHR is found in the plain language of Code § 1322(b)(4), which provides:

> (b) Subject to subsections (a) and ( c) of this section, the plan may–
>
>                   * * * *
>
>     (4) provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim.

A claim is defined in Code § 101(5) as a "right to payment" of virtually every conceivable kind, whether or not secured, and it includes a claim entitled to priority under Code § 507. Thus, section 1322(b)(4) allows payments for claims of differing kinds and priorities to be paid at the same time.

On the other hand, payments in a case filed under chapter 7 of the Bankruptcy Code are treated differently. Code § 726(a) provides that "property of the estate shall be distributed . . . (1) first, in payment of the claims of the kind specified in, and in the order specified in section 507 . . . ." Code § 103(b) limits the application of section 726(a) to chapter 7 cases. Congress could have easily provided a similar requirement for payment of priority claims under plans filed in chapter 13 cases, but instead it provided in section 1322(b)(4), that payment on any claim may be made concurrently with payments on any other claim, without making distinctions between priority, non-priority, secured and unsecured claims. If a chapter 13 case should fail

4

and is converted to a case under chapter 7 pursuant to Code § 1307, then section 726(a) would require priority claims to be paid in the order prescribed in section 507(a).[1]

Code § 1326(b)(1) adds further support to allowing simultaneous payment of claims of different priorities under a chapter 13 plan. This section provides:

> (b) Before or at the time of each payment to creditors under the plan, there **shall** be paid–
> (1) any unpaid claim of the kind specified in section 507(a)(2) of this title . . . (emphasis added).

Section 507(a)(2) claims include administrative claims due professionals, such as Debtors' attorneys. Section 507(a) ranks these administrative claims below DSO Claims. Nevertheless under section 1326(b)(1), creditors holding 507(a)(2) claims are to receive payments before or at the same time as other creditors. Unlike section 1322(b)(4), which provides that plans **may** provide for concurrent payment on different kinds of claims, section 1326(b)(1) mandates payments to holders of section 507(a)(2) claims either before or concurrently with payment to other creditors. The definition of "creditor" in Code section 101(10) includes a holder of a DSO Claim. Accordingly, DHR's objections to confirmation of the Debtors' plans cannot be sustained based on when Debtors' attorneys are paid under the Plans. The proposed

---

[1] Code subsections 726(b) and (c) make adjustments to the order of priority otherwise applicable under Section 507, most notably by elevating post conversion subsection 503(b) administrative claims over similar pre-conversion claims.

Plan payments of Debtors' attorneys' fees comply with the provisions of the Bankruptcy Code.

In light of Code §§ 1325(a)(5)(B)(iii)(I) and (II), DHR concedes the Plans may provide for adequate protection payments to secured creditors at the same time payments are being made to holders of DSO Claims. DHR takes the position that any additional payments to secured creditors, beyond what is required for adequate protection, is prohibited until DSO Claims are fully paid. As previously discussed, Code § 1322(b)(4) permits plans to "provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim." Moreover, sections 1322(b)(3) and (5) permit chapter 13 Debtors to cure pre-petition monetary defaults in secured claims by paying the defaults through their plans. In light of subsections (b)(3) and (5) of section 1322, this Court must conclude that the Plans may include payments to secured creditors beyond adequate protection payments (i.e. payments intended to cure pre-petition defaults and maintain post-petition debt service), and Code § 1322(b)(4) permits these payments to be made concurrently with payments to other creditors, regardless of whether such other creditors are entitled to 507(a)(1) priority.

When the plain language of a statute is clear and unambiguous, the Court must enforce that statute "according to its terms." U.S. v. Ron Pair Enter., Inc., 489 U.S.

235, 241 (1989). This Court finds that the language of Bankruptcy Code § 1322 is clear and unambiguous, and it requires a chapter 13 plan to provide for full payment of claims entitled to priority under section 507, but such priority claims may be paid by deferred cash payments at the same time other priority claims, non-priority claims, and secured claims are being paid. The clear and unambiguous language of section 1326(b) requires plan payments be made to section 507(a)(2) administrative creditors no later than when payments are made to other creditors. So long as payments are being made while the case is pending under chapter 13, there is no requirement that priority claims, including DSO Claims, be first paid in full before disbursements to other creditors.[2]

Finally, DHR contends that this Court should construct an equitable remedy prohibiting other creditors from receiving payments under the Plans until the DSO Claims are satisfied. According to DHR, the claim of a creditor who extended pre-petition credit to a Debtor with a delinquent DSO should be subordinated to DSO

---

[2] The pre-BAPCA case of In re Aldridge dealt with the same issue now before this Court. 335 B.R. 889 (Bankr. S.D. Ala. 2005). In Aldridge, DHR took the position that section 507 required domestic support obligations of a chapter 13 Debtor to be paid in full before payments could be made under a plan to other creditors. The Aldridge Court determined that nothing in the Bankruptcy Code required payments under a chapter 13 plan to first satisfy priority claims before distributions commence to holders of other kinds of claims. The Court in Aldridge stated, "DHR filed this motion for instruction before the BAPCPA was enacted. Accordingly, the ruling in this case will only apply to cases filed before October 17, 2005." 335 B.R. at 891, n. 1. Nevertheless, this Court is of the opinion that if Aldridge had been decided after BAPCPA became effective, the result would be the same.

7

Claims. DHR accuses such a creditor of bad faith for having extended credit to someone who is not supporting his or her children or former spouse. DHR assumes a routine credit report or other available means, allows creditor to be informed of a Debtor's delinquent DSO; however, no proof was offered to support this assumption, and no evidence was presented that any of the creditors in these cases were aware of the outstanding DSO of the Debtors at the time pre-petition credit was incurred. Apparently DHR is asking the Court to invoke Code § 510(c) and equitably subordinate the claim of any creditor who extended pre-petition credit to a Debtor when the creditor knew, or should have known, of the delinquent DSO. This is a novel theory, and, if adopted, there is no reason it could not be expanded to any creditor who knew, or with diligent inquiry should have known, about delinquent pre-petition debts, DSO or otherwise. Because delinquent DSO indicates a Debtor is neglecting his or her children or former spouse, DHR argues DSO should be distinguished from other obligations. However, without further evidence of bad faith beyond mere extension of pre-petition credit by a creditor with knowledge of a Debtor's delinquent DSO, this Court is not prepared to find that equity or any provision of the Bankruptcy Code requires subordination of the claims of such a creditor.

DHR's theory of equitable subordination might be an appropriate remedy if

8

there was proof of collusion between the creditor and Debtor. This Court would consider subordinating a creditor's secured claim if, for example, it was shown that, immediately before filing bankruptcy, the Debtor purchased an expensive automobile with the understanding the related purchase money secured claim would be paid through a chapter 13 plan and dilute the Debtor's disposable income otherwise available to pay DSO Claims or other priority claims. Here however, there is no evidence on the Debtors' Forms B22C, Statement of Current Monthly Income, that their disposable incomes have been reduced because of monthly payments on secured claims for luxury items.

## CONCLUSION

For the foregoing reasons, the Court concludes that DHR's objections to confirmation of the Plans are due to be overruled.[3] Pursuant to Fed. R. Bankr. Proc. 9021, separate orders will be entered in each of the above cases overruling DHR's objection to confirmation of the Plans proposed in each such case, and resetting a hearing on confirmation of the Plan and the Trustee's objection to confirmation.

Dated:  April 27, 2006

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

[3] While DHR's objections to confirmation of the Plans proposed in the above cases were under consideration, Judge Jack Caddell, in a well reasoned opinion, reached the same conclusion as that set forth herein regarding payment of section 507(a)(1) claims under chapter 13 plans. In re Sanders, 2006 WL 1000461 (Bankr. N.D. Ala. Apr. 18, 2006).

LEXSEE 335 B.R. 889

In Re RONNIE D. ALDRIDGE, Debtor.

Case No. 02–13580–MAM–13

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

335 B.R. 889; 2005 Bankr. LEXIS 2660

November 16, 2005, Decided

COUNSEL: [**1] For Ronnie D. Aldridge, aka Ronnie Aldridge, Debtor: Robert R. Blair, Selma, AL.

For John C. McAleer, III, Trustee: Jeffery J. Hartley, Helmsing, Leach, AL Herlon, Newman & Rouse, Mobile, AL.

JUDGES: MARGARET A. MAHONEY, United State Bankruptcy Judge.

OPINIONBY: MARGARET A. MAHONEY

OPINION:

[*890]   ORDER GRANTING MOTION FOR INSTRUCTIONSThis matter is before the court on Marengo County Department of Human Resources' Motion for Instructions. The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the court has the authority to enter a final order. For the reasons indicated below, the court is granting the motion for instructions and instructing the chapter 13 trustee to make disbursements on the § 507(a)(7) claims before making disbursements on the § 507(a)(8) claims. This order will have prospective effect only and will go in effect 60 days after entry of a final order on this matter.FACTSRonnie Aldridge, the debtor, filed a chapter 13 bankruptcy petition on June 25, 2002. At filing, Aldridge was indebted [**2] to the Internal Revenue Service for federal income tax liabilities for the tax years 1999, 2000, and 2001. Aldridge was also indebted to the Marengo County Department of Human Resources for back child support. In Aldridge's proposed Chapter 13 plan, the DHR debt was included as a priority claim, but the IRS claims were not included in the plan. Before confirmation, DHR timely filed three claims entitled to priority under § 507(a)(7) in the amount of $1,466.18. On September 17, 2002, before the claims bar date had passed, the court conditionally confirmed Aldridge's plan. The court's confirmation or-

der directed the chapter 13 trustee to make disbursements as follows:

> (a) Administrative Claims allowed under 11 U.S.C. § 503(b) and pursuant to local order, including an attorney fee . . . in the amount of $1,300.00.

> (b) After the above payments, 100% pro rata dividends to all secured creditors whose claims are allowed, including the following:

>> [The order then listed three categories of creditors under this section: "priority creditors," "secured creditors," and "direct payments".]

> (c) Any claim entitled to priority pursuant to and [**3] in the order set forth in 11 U.S.C. § 507, unless the priority has been expressly waived.

> (d) All nonpriority, unsecured claims to be paid 12% PRO RATA.

The order further provided that the disbursements would commence after the bar date for filing proofs of claims had passed. [*891] After confirmation but before the bar date, the IRS timely filed its proofs of claim. The total portion of the IRS's claims entitled to priority under § 507(a)(8) was $3,238.48. The debtor did not object to any of the DHR or IRS priority claims, and thus all of those priority claims were allowed. After the bar date passed, the chapter 13 trustee's office calculated the monthly payment required, taking into account the IRS claims not originally included in the plan, and began making disbursements under the plan. After first disbursing payments to the debtor's attorney for his attorney's fees, the trustee began disbursing the plan payments to the secured creditor, and the prior-

Case 2:06-cv-00473-WKW   Document 7-2   Filed 07/05/2006   Page 64 of 74

Page 2
335 B.R. 889, *891; 2005 Bankr. LEXIS 2660, **3

ity creditors. Following the longstanding practice in this district, the trustee has been disbursing the payments on the DHR and IRS claims concurrently on a pro rata basis.On February 19, 2005, DHR [**4] filed the instant motion for instructions, requesting that the court "issue an instructional ruling setting out the order of priority of distribution by the chapter 13 trustee and order that such ruling shall apply to all pending chapter 13 cases in the United States District Court for the Southern District of Alabama." n1 DHR asserts that the trustee has not been paying the priority claims in order of priority set forth in § 507 as ordered by the court's confirmation order. The parties have stipulated that the confirmation order issued in this case is the standard confirmation order issued in virtually every chapter 13 case confirmed in the Southern District of Alabama. This standard confirmation order includes Paragraph 3(c), which deals with the treatment of priority claims in the plan. Paragraph 3(c) states that the trustee is to pay "any claim entitled to priority pursuant to *and in the order set forth in* 11 U.S.C. § 507, unless the priority has been expressly waived." (Emphasis added). The parties stipulated that the trustee's longstanding practice in this district has been to make disbursements to priority claimants concurrently and not to completely [**5] pay off one class of priority claims before disbursing to the next priority class. Nevertheless, DHR argues that since § 507 of the Bankruptcy Code gives child support arrearages a higher priority (§ 507(a)(7)) than tax liabilities to the government (§ 507(a)(8)), and, since DHR has not expressly waived its priority, the child support claims should be paid in full before the trustee disburses any (more) money to the IRS pursuant to the language of the confirmation order. Conversely, the IRS takes the position that the court should not direct the trustee to alter the longstanding payment scheme presently in place.

> n1 DHR filed this motion for instruction before the BAPCPA was enacted. Accordingly, the ruling in this case will only apply to cases filed before October 17, 2005.

DHR readily admits that this is a "test case" and that it is seeking an order to be applied to all chapter 13 cases going forward regarding how priority payments are made in this district. n2 DHR is not seeking retroactive [**6] relief, but rather a prospective ruling only. The IRS asserts that this case is not a proper test case for numerous reasons, including: the time elapsed since the confirmation order and the present motion; the longstanding practice in this district of paying priority claims concurrently; the fact that the trustee has been disbursing to both DHR and the IRS concurrently for over two years; and with the enactment of BAPCPA, the court's ruling will be limited to cases filed before October 17, 2005. The IRS sug-

gests a better [*892] test case would be one filed after October 17, 2005, in which this priority issue is brought up before confirmation, which in turn is before the trustee begins disbursements. Alternatively, the IRS argues that the Bankruptcy Code does not set any particular order for payment of priority claims in chapter 13 cases.

> n2 See footnote 1.

LAW*In a Chapter 13 case, does the Code require that allowed seventh priority claims be paid in full before allowed eighth priority claims receive any disbursements?* [**7] Section 507 of the Bankruptcy Code establishes which claims are entitled to priority. 11 U.S.C. § 507. Under § 507 administrative claims and any fees and charges assessed against the estate are given first priority, while child support claims are given seventh priority and certain tax claims, such as the IRS's claims in this case, are given eighth priority. *See* 11 U.S.C. § 507(a). In chapter 7 bankruptcies, priority claims are required to be paid "in the order specified in section 507." 11 U.S.C. § 726(a)(1). Thus, in a chapter 7 case, seventh priority claims must be paid in full before eighth priority claims. *See id.* However, there is no provision in the Code requiring that priority payments in chapter 13 cases be made in the order set forth in § 507. Section 1326, Chapter 13's sister provision to § 726, requires only that the trustee's fee and any unpaid priority claim of the kind specified in § 507(a)(1) must be paid "before or at the time of each payment to creditors under the plan." 11 U.S.C. § 1326(b)(1). Section 1326 does not set forth any order of [**8] payment for the other priority claims. *See id.* By stating that administrative claims must be paid *before or at the time of* each payment to creditors under the plan, the Code gives a debtor the choice of paying administrative claims before or concurrently with other claims, so long as the administrative claim payments begin no later than the first payment to other claimholders. *In re Cason*, 190 B.R. 917, 933 (Bankr. N.D. Ala. 1995); *In re Ferguson*, 134 B.R. 689, 693 (Bankr. S.D. Fla. 1991); *In re Parker*, 15 B.R. 980, 983 (Bankr. E.D. Tenn. 1981), *aff'd*, 21 B.R. 692 (E.D. Tenn. 1982). Since administrative claims are given first priority under § 507 and the Code permits them to be paid concurrently with other claims, it is only logical that a seventh priority claim may be paid concurrently with an eighth priority claim.Section 1322 sets forth the required contents of a chapter 13 plan. 11 U.S.C. § 1322. It requires that every chapter 13 plan "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of [the Bankruptcy Code [**9] ]." 11 U.S.C. § 1322(a)(2). The only exception to this requirement is that the holder of the priority claim may consent to different treatment. *Id.* As long as full payment of the priority claims is provided for

Page 3

335 B.R. 889, *892; 2005 Bankr. LEXIS 2660, **9

in the plan, nothing in § 1322 requires that higher priority claims must be paid fully before paying lower priority claims.This result is further supported by the plain language of § 1322(b)(4). That section states that the plan may "provide for payments on *any unsecured* claim to be made concurrently with payments on any secured claim or *any other unsecured claim*." 11 U.S.C. § 1322(b)(4) (Emphasis added). By definition priority claims are a type of unsecured claims. *See Black's Law Dictionary* 265 (8th ed. 2004). As such, § 1322(b)(4) expressly allows different levels of priority claims to be paid through the plan concurrently. Thus child support priority claims under § 507(a)(7) can be paid concurrently with tax priority [*893] claims under § 507(a)(8). Likewise, these priority claims could be paid concurrently with payment on general unsecured claims. See *In re Schnabel*, 153 B.R. 809, 821 (Bankr. N.D. Ill. 1993) [**10] ("Under § 1322(b)(4) a plan may provide for payment of priority claims concurrently with general unsecured claims."); *In re Parker*, 15 B.R. 980, 982–83 (Bankr. E.D. Tenn. 1981). This is a significant difference between chapter 13 and chapter 7. In a chapter 7 liquidation case, the trustee cannot make any distribution on general unsecured claims until all priority claims have been paid in full. 11 U.S.C. § 726. In a chapter 13 case, the trustee can make payments on priority claims concurrently with payment on other priority claims or with general unsecured claims, if the plan allows it. *Parker*, 15 B.R. at 983. "There is no requirement [in a chapter 13 case] that any priority claims, except for fees and administrative expenses, be paid temporally in the prescribed order [set forth in § 507] or in advance of other unsecured claims." 8 Colliers on Bankruptcy P 1322.03[2] (15th ed. rev. 2005); *see In re Cason*, 190 B.R. at 933 ("There is no provision of § 507(a)(1) which requires full payment of priority claims before payments can begin to other claimholders.").In the present case, DHR argues [**11] that child support creditors, with a seventh priority, should be paid in full before any disbursements are made to the IRS on its eighth priority tax claim. The court can find nothing in the Code to justify such a result in a chapter 13 case. While the debtor's plan must provide for payment of both of these priority claims in full, these priority claims can be paid concurrently. The Code does not require the payment of § 507(a)(7) claims in full before any payments are disbursed on § 507(a)(8) claims. Conversely, the Code does not require concurrent payment of priority claims. Thus, a debtor could provide a plan that mandated the specific order in which claims were to be paid, and if such plan was confirmed, the trustee would have a duty to disburse the plan payments to the creditors as provided for in the confirmed plan. Therefore, the language of the plan confirmed in this case must be examined to determine if it requires that DHR's claims be paid in full before the

IRS's claims are entitled to any disbursements.*Does the language of this confirmation order require the Trustee to fully pay DHR s claims before disbursing any payments on the IRS's claims?*As stated above, [**12] the order confirming Aldridge's plan (and virtually every other chapter 13 plan confirmed in this district) stated that the trustee was to make disbursements on "any claim entitled to priority pursuant to and *in the order set forth in 11 U.S.C. § 507*," unless the priority was expressly waived. (Emphasis added). The parties agree that DHR has not waived its priority in this case. Likewise there is no question the trustee is to make disbursement on all claims entitled to priority pursuant to § 507. The question is whether the confirmation order requiring the chapter 13 trustee to make plan payments *in the order set forth in § 507* requires the trustee to pay § 507(a)(7) claims *in full* before disbursing any money on § 507(a)(8) claims. The court finds that it does.Once a chapter 13 plan is confirmed, the language of the plan controls, as long as the plan is unambiguous. *See Sosnowski v. RealTime Resolutions, Inc. (In re Sosnowski)*, 314 B.R. 23, 26 (Bankr. D. Del. 2004); *In re Dickey*, 293 B.R. 360, 363 (Bankr. M.D. Pa. 2003). The language of the plan in this case is very clear. Disbursements must be made in the order set forth in § 507. Therefore, since [**13] § 507(a)(7) claims have a higher priority [*894] than § 507(a)(8) claims, the § 507(a)(7) claims must be paid first.The only reason this rule might not be applicable to this case is because of the incorrect placement of the priority claims under the secured creditors heading in the confirmation order. In the order confirming Aldridge's plan, the chapter 13 trustee's office placed the listing of priority creditors under paragraph 3(b) instead of 3(c). Paragraph 3(b) states that there will be "100% pro rata dividends to all secured creditors whose claims are allowed including [the priority claims]." If the priority claims are treated as secured claims, the "pro rata dividend[]" language would require the DHR and IRS claims to be paid concurrently.However, reading the plan and order confirming the plan together, it is apparent the placement of the priority claims under paragraph 3(b) of the confirmation order was a mistake. The confirmation order does not track the language of the plan. The plan states that priority claims are to be paid "pursuant to and in the order set forth in 11 U.S.C. § 507." The confirmation order also says "secured creditors" will be [**14] paid pro rata. Priority claims are not secured claims. Therefore, the court concludes that paragraph 3(b) does not change the effect of the plan's specified order of distribution for priority claims.This order will have prospective effect only. Since the chapter 13 trustee will need time to adjust to this ruling, the order will not take effect until 60 days after the order is final.THEREFORE IT IS ORDERED:

1. The motion for instructions is GRANTED;

335 B.R. 889, *894; 2005 Bankr. LEXIS 2660, **14

2. The chapter 13 trustee is instructed to disburse payments on the § 507(a)(7) claims before disbursing any (more) payments on the § 507(a)(8) claims for all payments that are due to be made no earlier than 60 days after this order is final and nonappealable.

3. This instructional order is limited in scope, only applying in this case and any other chapter 13 case filed before October 17, 2005, in which the plan and the confirmation order contain the same language as appears in this case.

Dated:    November    16,    2005MARGARET   A. MAHONEYU.S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| GEORGE SANDERS, III | } | CASE NO. 06-80071-JAC-13 |
| SSN:  XXX-XX-0062 | } | |
| TIFFANY SANDERS | } | |
| SSN:  XXX-XX-9471, | } | CHAPTER 13 |
| Debtor(s). | } | |

### MEMORANDUM OPINION

On April 3, 2006, this case came before the Court on objection to confirmation of debtors' Chapter 13 plan filed by the Alabama Department of Human Resources ("DHR"). At issue is whether under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub.L. No. 109-8)("BAPCPA"), the debtors' Chapter 13 plan must provide for payment in full of DHR's § 507(a)(1) claims for pre-petition past due child support before any disbursement can be made on a § 507(a)(2) administrative expense claim for attorney fees. A second issue is whether the debtors' plan must limit distributions to secured creditors during the time DHR's § 507(a)(1) priority claims are being paid.

### Findings of Fact

On January 16, 2006, the debtors filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The debtors' plan, filed on January 31, 2006, proposed to pay § 507 claims "in full deferred case (sic) payments," and attorney fees "upon confirmation." The plan provided for one secured claim, a home mortgage arrearage claim owed to HomeEq Servicing Corporation in the amount of $3,600.00, to be paid by the trustee with a proposed fixed payment of $71.51 per month.

On March 28, 2006, DHR filed two priority claims in the amounts of $102.18 and $2,569.90 for child support arrearage owed by the debtor, George Sanders, and this objection to confirmation of the debtors'

2

proposed plan. On April 3, 2006, the Court held a hearing on the objection to confirmation. The Court

overruled DHR's objection to the extent DHR sought to have domestic support obligations paid first over all

other § 507(a) priority claims and to the extent DHR sought to limit distributions to secured creditors to

provide only for "post-confirmation adequate protection payments" during the time DHR's claims are being

paid.[1]  On the same date as the confirmation hearing, the trustee submitted an order confirming the debtors'

plan in conformity with the Court's ruling.  The confirmation order, dated April 3, 2006, provides for

payments by the trustee from money received to first pay "507(a)(2) costs, including 503(b) claims of filing

fees of $189.00 and then attorneys fees of $1003.00."  The confirmation order includes the following special

provisions:

- HOME EQUITY SERVICE SHALL BE PAID MONTHLY INSTALLMENTS OF $87.00 FOR 47 MONTHS OR UNTIL SAID CLAIM IS PAID IN FULL.

- ALABAMA CHILD SUPPORT PAYMENT SHALL BE PAID IN MONTHLY INSTALLMENTS OF $54.00 FOR 47 MONTHS OR UNTIL SAID CLAIM IS PAID IN FULL.

- ALABAMA CHILD SUPPORT PAYMENT SHALL BE PAID IN MONTHLY INSTALLMENTS OF $4.00 FOR 25 MONTHS OR UNTIL SAID CLAIM IS PAID IN FULL.

- CLAIMS DISTRIBUTION WILL BE SUBJECT TO MODIFICATION AFTER BAR DATE REVIEW.

The confirmation order requires the debtors to pay $156.00 per month for 58 months.  The plan is a base plan

pursuant to which unsecured creditor's will receive a distribution of approximately 5%.

## Argument

---

[1]      DHR further objected to the payment of its arrearage claim outside the plan on the grounds that it would take approximately 10 years to pay the arrearage in full through the payroll deduction in place on the petition date. The plan provided in paragraph IV. Special Provisions, to pay child support arrears direct outside the plan by payroll deduction pursuant to a prepetition garnishment order. The Court sustained DHR's objection pursuant to 11 U.S.C. § 1322(a)(2) which provides that priority claims must be paid in full, in deferred cash payments, unless the holder of a claim agrees to a different treatment of such claim. DHR does not consent to the treatment of its claim in this manner. The parties agreed at the hearing that DHR would release the prepetition garnishment for DHR's arrearage claim to be paid for in full through debtors' plan.

3

DHR objects to the payment of attorney fees under § 507(a)(2) as an administrative expense before disbursements are made on DHR's § 507(a)(1) priority child support claims. DHR asserts that the debtors' plan violates the priority scheme in 11 U.S.C. § 507(a) as amended under the BAPCPA. With respect to the secured claim on the debtors' home mortgage arrearage, DHR argues that secured creditors should only receive sufficient post-confirmation adequate protection payments while domestic support obligations are being paid. DHR argues that once the § 507(a)(1) claims are paid in full, payments to the secured creditor could be increased to an amount sufficient to pay the secured claim in full.

## Conclusions of Law

DHR's domestic support claims are unsecured claims entitled to priority status under § 507(a)(1). BAPCPA amended the priority scheme under § 507(a) and moved unsecured claims for pre-petition domestic support obligations owed to a spouse, a former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, to a first priority position under newly added § 507(a)(1)(A). Newly added § 507(a)(1)(B) gives first priority to pre-petition support obligations owed to a government unit, subject to claims under § 507(a)(1)(A). Prior to the BAPCPA amendments, claims for alimony, maintenance or support were entitled to seventh priority under § 507(a)(7). Now, domestic support obligations of the debtor are entitled to first priority, subject to a carve out for the expenses of a trustee in administering assets that might otherwise be used to pay the support obligations.[2]

DHR contends that domestic support claims must now be paid first through a Chapter 13 plan pursuant to § 507(a)(1). Pursuant to § 1322(a)(2), the debtors' plan must provide for full payment of DHR's priority claim, in deferred cash payments. Prior to the BAPCPA amendments, courts consistently held that nothing in § 1322 required a Chapter 13 plan to provide for payment in full of higher priority claims before

---

[2]    11 U.S.C. § 507(a)(1)(C).

4

distributions were made to lower priority claims.[3]  The only exception to this requirement was that the holder

of a priority claim could consent to different treatment.   Congress did not amend § 1322 to require the

payment of higher priority claims as listed in § 507(a) before paying lower priority claims.  Newly added §

1322(a)(4), does provide an exception to the full payment requirement for claims entitled to priority under

§ 507(a)(1)(B), domestic support obligations owed or assigned to a government unit, but this exception is not

applicable in this case.  To accomplish confirmation over the objection of a priority creditor, § 1322(a)(2)

continues to require the Chapter 13 plan to provide for full payment, in deferred cash payments, of priority

claims under § 507, but nothing in § 1322 requires higher priority claims to be paid in full before lower

priority claims.

     Section 507(a) sets forth the priority payment provisions for administrative expenses and unsecured

claims.  Pursuant to 11 U.S.C.§ 103(a),  § 507 applies in cases filed under Chapters 7, 11, 12, and 13, but not

in the manner asserted by DHR.  The specific means by which § 507 is implemented varies in each Chapter.

In Chapter 11 cases, administrative expenses under § 507(a)(2)  must be paid in full on the effective date of

the plan, but domestic support claims may be paid over time after administrative expenses.   Section

1129(a)(9) provides that administrative expenses under § 507(a)(2) and certain unsecured claims arising in

an involuntary case entitled to priority under § 507(a)(3) must be paid in full on the effective date of the plan.

Priority claims under § 507(a)(1), § 507(a)(4), § 507(5), § 507(a)(6), and § 507(a)(7) vote as a class in

Chapter 11 cases.[4]  If the class votes to accept full payment in deferred cash payments, the vote is binding

on dissenting claimants.

     In Chapter 7 cases, the trustee is charged with the duty under § 704(a)(1) to collect and reduce

property of the estate to money for distribution to creditors.  The trustee will collect and sell property securing

a claim if the value of the collateral exceeds the total amount owed to creditors holding liens against the

---

[3]      *In re Aldridge*, 335 B.R. 889 (Bankr. N.D. Ala.  2005); *In re Ferguson*, 134 B.R. 689 (S.D. Fla. 1991).

[4]      11 U.S.C. § 1129(a)(9)(B).

5

property, pay the secured claims in full, and distribute the balance to unsecured creditors in conformity with the distribution scheme set out in § 726 of the Code. Pursuant to § 726(a)(1), priority claims are entitled to be paid first from property of the estate "in the order specified in section 507 . . . ."[5]

There is not a similar provision in Chapter 13 requiring priority creditors to be paid "in the order specified in section 507." In Chapter 13 cases, §1326 supplements the priorities provisions in § 507 requiring only that the trustee pay § 507(a)(2) administrative expenses before or contemporaneously with payments to other claimholders under the plan. Prior to the BAPCPA amendments, § 1326(b)(1) provided:

> (b) Before or at the time of each payment to creditors under the plan, there shall be paid –
>
> (1) any unpaid claims of the kind specified in section 507(a)(1) of this title; and
>
> (2) if a standing trustee . . . is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28.

Section 1326(b)(1) gave the debtor the choice of paying § 507(a)(1) administrative expenses before or concurrently with other claims, so long as the administrative payments began no later than the first payment to other creditors.[6]    Administrative expenses are now entitled to priority under § 507(a)(2). Congress amended § 1326(b)(1) by replacing the reference to § 507(a)(1) with § 507(a)(2) so that any unpaid administrative expenses must continue to be paid in Chapter 13 cases "[b]efore or at the time of each payment to creditors under the plan" as required prior to the BAPCPA amendments. By striking the reference to § 507(a)(1) in § 1326(b)(1) and adding § 507(a)(2), Congress clearly intended to  require the continued payment of administrative expenses before or contemporaneously with payments to other claimholders, even § 507(a)(1) claimholders. Had Congress intended to afford this special payment treatment to § 507(a)(1) support obligations, it could have expressly done so. Congress provided domestic support obligations other special protections under the BAPCPA amendments: (1) post-petition support obligations must now be paid

---

[5]        11 U.S.C. § 726(a)(1).

[6]        *In re Aldridge*, 335 B.R. 889 (Bankr. S.D. Ala.  2005); *In re Cason*, 190 B.R. 917 (Bankr. N.D. Ala. 1995).

6

in full prior to confirmation pursuant to § 1325(a)(8); and (2) Chapter 13 debtors may not obtain a discharge until they certify that all domestic support obligations have been paid pursuant to § 1328(a). Congress did not, however, see fit to also require § 507(a)(1) claims be paid before or at the time of each payment to creditors under the plan.

Section 507(a)(2) grants priority to administrative expenses allowed under § 503(b) and fees and charges assessed under chapter 123 of title 28. Section 503(b)(2) provides that there shall be allowed administrative expenses including "compensation and reimbursement awarded under section 330(a) of this title[.]"[7] Section 330(a)(4)(B) specifically provides that the Court may award reasonable compensation in a Chapter 13 case "to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Accordingly, § 507(a)(2) administrative expenses include attorneys' fees to debtors' counsel. These fees must be paid either before or contemporaneously with other claimholders under § 1326(b)(1) as amended. Accordingly, the Court finds that the debtors' Chapter 13 plan does not violate § 507(a), as amended, by providing first for the payment of administrative expenses, including attorney fees, as required by § 1326(b)(1).

The Court further finds that the debtors' plan does not violate § 507(a) by providing for the payment of secured claims concurrently with DHR's first priority claim. Section 1322(b)(4) provides that the Chapter 13 plan *may* –

> (4) provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim[.]

Section 1322(b)(4) provides Chapter 13 debtors with much flexibility in designing a payment scheme for paying unsecured priority claims concurrently with secured claims and other general unsecured claims. The debtors' plan complies with § 1322(b)(4).

---

[7]    11 U.S.C. § 503(b)(2).

7

DHR argues that distributions to secured creditors should be limited to an amount that is sufficient to provide secured creditors only with post-confirmation adequate protection payments until first priority support obligations are paid in full.  It is important to remember, however, that DHR is an unsecured creditor. Unsecured creditors are only entitled to the assets remaining after secured creditors have taken either the value of their collateral or the collateral itself.  As one court recently explained:

> In a sense, secured claims may be said to have 'priority' over all unsecured claims . . . [Because a] secured claim represents the holder's rights in specific property . . . [t]he holder of an allowed secured claim has not just a general claim but property which it is entitled to receive.  In that sense, secured claims are first priority claims in bankruptcy cases.[8]

There is simply nothing in the Code that supports DHR's argument that secured creditors should receive reduced post-confirmation adequate protection payments while DHR's first priority claims are being paid in full.  Section 1322(b)(4) specifically allows secured claims to be paid concurrently with unsecured priority claims as proposed by the debtors' Chapter 13 plan.  Moreover, DHR's arguments appears to violate newly added § 1325(a)(5)(B)(iii) which provides with respect to secured claims that if "property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts[.]"  Under DHR's proposed distribution scheme, the secured creditor in this case would not receive periodic payments in equal monthly amounts.

A separate order will be entered consistent with this opinion.

Dated:  April 18, 2006

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
       G. John Dezenberg, Jr., attorney for debtor(s)

---

[8]    *In re Perez*, 2006 WL 760341 (S.D. Tx. 2006)(quoting *In re Parker*, 15 B.R. 980, 983 (Bankr. E.D. Tenn. 1981)).

8

Cynthia Slate-Cook, attorney for creditor
Philip Geddes, trustee